The City of St. Paul, Plaintiff in Error, *vs.* Albert Kuby, Defendant in Error.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where an objection made by a party on the trial of a cause is overruled by the Court, and the party takes no exception, he will be deemed to have waived his objection.

In an action tried by a referee, where the record brought up on writ of error only shows the facts found by the referee, and his conclusions of law therefrom, no exceptions having been taken on the trial, the only inquiry to be entertained by this Court is, whether there is any warrant for the judgment of the Court below to be found in the facts as settled by the referee.

Where it is the duty of a town to erect and maintain a safe and suitable sidewalk upon the side of a street, whether in any given case the sidewalk is safe and suitable, is not a question of law, but one of fact for the jury—or, at most, is a mixed question of law and fact, and a case of this mixed character must always be submitted to the jury, unless there be a demurrer to the evidence, or what is equivalent thereto.

The question of negligence on the part of the Plaintiffs, where the same is in issue, is also one of fact for the jury.

In an action to recover damages for injuries sustained from an unsuitable and defective sidewalk, it is incumbent on the Plaintiff to prove, in the first instance, that the injuries were sustained by or through the carelessness and negligence of the Defendant. Having established this by *prima facie* proof, (without showing want of care or prudence on his own part) it is for the Defendant to show by way of defence, that negligence on the part of the Plaintiff concurred in producing the result.

The Plaintiff is bound to use reasonable or ordinary care and prudence, to entitle himself to recover against the consequences of the Defendant's negligence.

In case of an injury happening to a child, four and a half years of age, from an insufficient sidewalk, there is no legal presumption that the child did not exercise ordinary care and prudence. The question is one of fact for the jury whether the child is of capacity to exercise such care and prudence.

In all cases where there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury, and not the opinion of the Court, is to govern, unless the damages are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case.

## Points and Authorities of Plaintiff in Error.

I.—The act incorporating the City of St. Paul is a private act, of which Courts will not, *ex officio*, take notice, and should be specially pleaded. *Chit..Pl., vol.* 1, *p.* 216.

*a.* The Plaintiff in Error, if liable at all, is only liable as a corporation, and the complaint is insufficient unless it be alleged that it is or was such corporation at the time the cause

of action accrued. *Goshun & Shaw. Turnpike Co. vs. Sears,* 7 *Conn.*, 86; *Gould's Pl., p.* 53, sec. 16.

*b.* The act declaring the original act, as amended, a public act, or to be construed as such, cannot change the rights of parties, or the rules of pleading. The title of the act should be cited. *Com. Stat., p.* 605, *chap.* 66, *sec.* 7.

II.—In this action the Plaintiff in Error was entitled to a judgment before the Referee, upon the pleadings in the case, and the Referee erred in refusing to render such judgment and in admitting any testimony under the same. *Vide Pleadings.*

III.—The Court erred in refusing to set aside the report of said Referee and granting to the Plaintiff in Error a new trial, for the reasons mentioned in folios No. 48, 49 and 50. *Vide Report of Referee.*

IV.—The Defendant in Error only imputes to the Plaintiff negligence in not providing a sufficient railing upon the sidewalk, when said accident happened. And the facts, as found and reported by said Referee, show that such railing was sufficient in law, and all that the Plaintiff could be legally required to provide. *Vide folios* 39 *and* 40.

*a.* How far towns or cities are bound to repair the margin of their streets for the accommodation of foot passengers, and what kind of guards they are required to place thereon, are mainly questions of law. And the decisions are uniform that the same responsibility does not attach in case of accident accruing upon the sides of streets as upon the travelled portions. *Farnham vs. Concord,* 2 *N. H.,* 392; *Heward vs. North Bridge Water,* 16 *Pick.,* 189; *Rice vs. Montpelier,* 19 *Vt.,* 470.

*b.* The Plaintiff in Error in this action was not legally 'bound to provide any sidewalk or railing at the place in question, and this action cannot be maintained unless given by statute. *Davis vs. Maynard,* 9 *Mass.,* 242; *Baxter vs. Winooski Turnpike Co.,* 22 *Vt.,* 114.

*c.* If the sidewalk and railing, as found and reported by the Referee, are sufficient in law, the report should be set aside, for the findings of said Referee are erroneous, and judgment should be entered for the Plaintiff in Error.

V.—The Referee finds that the condition of said sidewalk and railing was known to the Defendant long before the accident happened; that he resided just across the street, opposite the place where it happened.

VI.—The Referee also finds that the child of Defendant was only about four and one half years old; that it was upon said street and sidewalk alone, and without any one to protect it, and that it was injured at about 12 o'clock, m.

He further finds that there was no evidence as to how the child was conducting itself at the time, or how the accident happened. *Folios* 43 *and* 44.

His findings are, in effect, that the Defendant in Error was negligent and that such negligence was the cause of the accident.

VII.—In no event can the Defendant in Error recover in this action, unless it appear that himself and child were in the exercise of ordinary care and prudence at the time of the accident, and the exercise of such care and prudence on his part is not to be presumed. It must be proved as an affirmative fact, and the burthen of proof is upon him. *Adams vs. Carlisle,* 21 *Pick.,* 146; *Butters vs. H. R. R. Co.,* 26 *Me.,* 231; See 31 *Me.* 228; *Spencer vs. Utica and Sch. R. R. Co.,* 5 *Barb.,* 337; *Lester vs. Pittsfield,* 7 *Vt.,* 162; *Hyde vs. Jamaica,* 27 *Vt.,* 465; 18 *N. Y.,* 248; *Kinnies' Com., vol.* 11, *p.* 305.

VIII.—If the injury was occasioned in whole or in part by reason of the want of ordinary care on the part of Defendant in Error, or from causes which common sagacity could not provide against, no action can be sustained. 27 *Vt.,* 446; 1 *Vt.,* 353; 8 *Vt.,* 264; 7 *Vt.,* 158; 15 *Vt.,* 708; *Vaughn. vs. Menline,* 7 *C. & Payne,* 825; 3 *Bing.,* 468; *Aurora R. R. Co. vs. Grimes,* 13 *Ill.,* 588; *see also* 12 *Pick.,* 177; 11 *East.,* 60; 19 *Com. L.,* 566; 12 *Shepley,* 39; 4 *Bing.,* 628; 2 *Wend.,* 615; *Kinnie's Com., vol.* 11, 305.

*a.* If each of the parties were negligent in any respect, then the accident was occasioned by such joint negligence and wrong, and neither party can sustain an action. *Vide cases above cited, and Simpson vs. Hand,* 6 *Wharton,* 311; *Rathburne vs. Payne,* 19 *Wend.,* 399; *Barnes vs. Cole,* 21 *Wend.,* 188; *Butterfield vs. Forrester,* 11 *East.,* 60.

IX.—A child, like the son of Defendant in Error, a lunatic, or a person intoxicated, are not capable in law of exercising ordinary care or prudence. They have not reason to foresee or guard against accidents, and in case of injury happening to them thereby, the legal presumption is, that they did not so exercise it. And towns and cities cannot be held responsible for the acts of such persons, nor can such persons recover for such injuries unless they show affirmatively that they were exercising ordinary care and prudence at the time of the accident. *Hartfield vs. Roper*, 21 *Wend.*, 615; *Cassady vs. Stockbridge*, 21 *Vt.*, 391; *Chicago vs. Major*, 18 *Ill.*, 349; *Brown vs. Kendall*, 6 *Cush.*, 292.

*a.* Allowing such persons to go upon the public streets, without some one to protect them, is an act of criminal negligence in their parents or guardians. *See cases above cited.*

*b.* Cities are never held to respond in damages for accidents, even if their streets are insufficient, if such accidents were in the least attributable to the negligence of the party injured, or of the parents or guardians of such persons as are in law incapable of guarding against accidents. And the only class of cases where recoveries have been had for injuries to such persons is where the Defendant has done some act which is in itself dangerous—such as the setting of spring-guns, &c., a class of cases cited by the Defendant in Error.

X.—The report of the Referee shows that no damages were sustained by the Defendant in Error, except $11 paid physicians, &c., and in no event can he recover anything more. He cannot recover for loss of service of the child, for the Referee finds that it was incapable of performing service, and that no damage was sustained in that respect.

The complaint only asks for such damages as the Defendant in Error has sustained. No special damages are alleged, and the report of the Referee shows that none were suffered.

XI.—The $500 awarded as damages by the Referee are illegal, and he erred in so awarding them. Such damages are exemplary, excessive, and vindictive, for the case does not show that the city was in any respect wilfully or criminally negligent in the premises; nor does the complaint ask or claim such damages, nor are they recoverable for the reasons

stated by the Referee. The Plaintiff in Error is therefore entitled to judgment in this action.

S. M. Flint, Counsel for Plaintiff in Error.

M. Sherburne, Counsel for Defendant in Error.

*By the Court*—Atwater, J.—Kuby sued the City of St. Paul, to recover damages sustained by his child, from falling from a sidewalk on Third Street, in said city. The complaint alleged that the sidewalk was improperly and unsafely constructed, and left in a dangerous condition, through the negligence of Defendant, whereby the injuries were received.

The answer denied the material allegations of the complaint, and alleged that the injuries were received on account of the negligence of the Plaintiff, the parent of said child, &c.

The cause was referred to James Smith, Esq., to hear and determine all the issues. The Referee reported in favor of the Plaintiff, for $511. The Defendant moved, on the pleadings and report, to set aside the same, and for a new trial, which motion was denied, and judgment entered upon the report. The Defendant then sued out a writ of error.

There was no case made, or bill of exceptions filed, nor does the record disclose that any exceptions were taken at the trial. It does appear that the Defendant moved for judgment upon the pleadings, which motion was denied, but Defendant did not except, and cannot therefore take advantage of any error that may have been committed by the Referee in denying the motion. By failing to except he will be deemed to have waived his objection. The only question presented by this record is, whether there is any warrant for the judgment of the Court below to be found in the facts as settled by the Referee. The question is not even open for examination whether the complaint contains facts sufficient to constitute a cause of action, since, when that objection was taken before the Referee, and overruled by him, no exception was taken by Defendant to such ruling, but he went to trial on the merits ; and if he has permitted a good cause of action to be proved, without objection, even though the Court might

be of the opinion that the complaint, upon proper exception, would have been insufficient, he cannot, on writ of error, have the judgment reversed on that ground. (4 *Sel.*, 204.) In this case, however, it is not a matter of much practical moment, since the report of the Referee seems only to embrace the facts within the issues, and the conclusions of law which follow from the facts proved must be decisive of the case. None of the evidence is reported to this Court, and of course no question can here be raised as to the sufficiency of the evidence to sustain the findings.

An issue is directly raised by the pleadings, as to the sufficiency of the railing or protection upon the sidewalk, and as to the duty of the city to construct and maintain the same at the place where the acident in question happened. The Referee has found as a fact that " it was the duty of Defendant to put and keep said street in good order and repair, and to erect and maintain suitable and safe sidewalks upon the same, for the accommodation and use of foot passengers, and all persons passing along or over the same in the line of said street." After describing the sidewalk as constructed, the Referee further finds, " that it was necessary, in order to the protection of persons passing upon the sidewalk in said public street, against accidents, for said Defendant to have placed under said top railing and upon said posts further planking or guards, so as to have more securely closed the opening or space under the top railing ; but that said Defendant, for three years prior to the eighth day of July, 1860, had wholly neglected so to do, and thereby became, during the time last aforesaid grossly negligent in that behalf."

The Plaintiff in Error urges, that the facts as found and reported by said Referee, show that such railing was sufficient in law, and all that the Defendant could be legally required to provide. We think the Plaintiff in Error is mistaken in supposing that there is any rule of law which determines, or can determine, what shall constitute a safe and suitable sidewalk, in any given case. It is manifestly impossible to establish a uniform rule upon this subject, since the sufficiency of a sidewalk, in any particular case, must depend upon the facts and circumstances existing and connected with such case. In

some cases a sidewalk might be perfectly safe and suitable without any railing upon the side. In other cases a railing might be required upon one side, or perhaps upon both,—it might be required to be of a certain height—of one or more rails, according to the danger to be provided against. For example, if a high and steep embankment adjoined or impended over a sidewalk, which was a crowded thoroughfare, and from which embankment earth or rock was liable to fall upon those passing by, it would scarcely be pretended that a single rail would be considered, either in fact or law, a safe and suitable protection for the walk. In the case at bar, the Referee has found as a fact " that along the southerly side of said sidewalk there is and has been a perpendicular descent of about twenty feet, with a rapid descent southerly of the line of said sidewalk of over thirty feet in addition, impassable by reason of such descent to persons desirous of passing over the same,—that at the bottom of said excavation immediately under and in a line with said sidewalk, and along said descent therefrom, the ground is, and during all the time aforesaid has been, covered with stones and rubbish,so as to endanger the life of any person falling from said sidewalk into said excavation, or upon the ground beneath." Under these conditions, there is no rule of law from which it can be determined that one piece of scantling,, two by four inches, extending from post to post, and two and a half feet above the bed of the sidewalk, constitutes a safe and sufficient protection to all persons using said sidewalk. There are still other circumstances to be considered in determining the question of negligence, as the knowledge, or means of knowledge of the Defendant, in regard to the condition of the street, the length of time in which it had remained unsafe, the efforts made to put it in proper order, &c. In some cases, as those of bailees, carriers, agents, &c., the law has settled with more or less precision, for what degree of negligence a party shall be held liable ; but whether such degree exists in any particular case, has been almost uniformly regarded as a question for the jury. It is remarked by *Angell on the Law of Carriers, sec. 11, ch.* 1, that " it is often difficult to mark the lines of distinction between the different degrees of negligence, so as to show

precisely where the one ends and the other begins; and there-fore by the Common Law it is left to the jury, upon the na-ture of the subject matter, and the particular circumstances of each case, to say whether the particular case is within the one or the other." To the same effect is *Story on Bailments*, sec. 11, and on *Agency; sec.* 308. In the case of *Foot & Rey-nolds vs. Wiswell*, 14 *John.*, 308, which was an action on the case for negligence in running foul of a sloop owned by Plain-tiffs, it was contended that whether the Defendant was charge-able with negligence or not, was a question of law, and ought not to have been submitted to the jury as a matter of fact. But the Court held that this position could not be maintained and that whether there was negligence or not, cannot be con-sidered purely a question of law, and to be taken from the jury and decided by the Court. It may be considered a mixed question. The facts are exclusively for the jury, and when those facts are ascertained, whether they will, in judg-ment of law, warrant the charge of negligence, is matter of law. But a case of this mixed character must always be sub-mitted to the jury, unless there is a demurrer to the evidence." In the case at bar, it does not appear that there was any ex-ception taken to the evidence, or any objection correspond-ing to the demurrer to the evidence under the former prac-tice. With the finding of the Referee, therefore, upon the question of negligence, this Court cannot interfere upon the record brought up by this writ of error. Other cases, more or less analagous to the present, in which it has been held that the question of negligence is one of fact for the determin-ation of a jury, may be found in 20 *Pick.*, 167; 8 *Met.*, 91; 2 *Adolph. & Ellis*, 256; 3 *Bingham*, *N. S.*, 468, 478; 19 *Conn.*, 566; 2 *Denio*, 433; 5 *Denio*, 255; 27th *Vt.*, 62; 16 *N. Y.*, 476.

The weight of authority is clearly that the question of neg-ligence in cases of this kind is mainly one of fact for the jury, and none of the cases go further than that it is a mixed ques-tion of law and fact, which should be submitted to the jury, unless there be exceptions or demurrer to the evidence. And we do not understand the authorities cited by the Plaintiff in Error to hold a different doctrine. The case of *Howard vs. The Inhabitants of North Bridgewater*, 16 *Pick.*, 189, was

an action upon the case (upon a statute) to recover double damages for an injury sustained by the Plaintiffs, in having their horse's leg broken by reason of a highway in North Bridgewater being suffered to be incumbered by several large stones placed and left in it. The principal, if not the only point decided in that case was, that towns are not obliged to keep the whole of a highway, from one boundary to the other, free from obstructions and fit for the use of travelers. The question in regard to the liability of Defendant in that case arose upon the intent of the statute upon which the action was brought, and the Court held that the provision of statute relied upon by Plaintiff, did not mean that the whole of the road, from one boundary to the other, should be made smooth, since, in many cases, all the property of the town would be insufficient for that purpose. In this case no such point is raised, the question being, whether the Defendant has constructed a safe sidewalk, which the Referee has found it was bound to maintain.

The case of *Rice vs. Montpelier*, 19th Vt., 470, was also an action upon the case, upon a statute of that State, for injuries sustained from an alleged want of repair of a highway, and as stated by the Court, very nearly resembles the one above cited from 16th *Pickering*. It was there held that "how far towns are bound to clear away obstructions, natural or artificial, from that portion of the highway exterior to the wrought way, how far they shall be held responsible for accidents occurring in traveling over this lateral space, either voluntarily, or on account of difficulties existing in the ordinary track, or for such as may occur in consequence of diverging into the neighboring fields, from a real or supposed necessity, or for such as may arise in attempting to pass a bridge obviously unsafe and dangerous, or in fording a stream in such case,—these and similar circumstances present mainly questions of law, calling for special instructions from the Court." It will be observed that the case at bar does not fall within the class of cases which are there held to be mainly questions of law. On the contrary, it is a question whether the accident occurred mainly through the insufficiency of the sidewalk, which is enumerated among others in *Rice vs.*

*Montpelier*, as cases which that Court had often decided were questions of fact, ordinarily mixed, however, with questions of law. The case of *Farnham vs. Concord*, 2 *N. H.*, 392, involved the same question as that decided in the 19*th Vermont*, and is not in point as an authority upon this case. In *Kelsey vs. Glover*, 15 *Vermont*, 708, it was held that in an action against a town to recover damages occasioned by the insufficiency of a road, it is a question of fact, or a mixed question of law and fact, whether the road was out of repair—as also, whether the town was justly chargeable with neglect of duty, and whether the Plaintiff's injury was caused by such want of repair. These are all distinct issues between the parties in this case, and have been found by the Referee in favor of the Plaintiff, and the evidence not appearing, nor any exceptions to the same, this Court manifestly cannot decide that the Referee erred in his findings.

The Plaintiff in Error contends that the findings of the Referee are, in effect, that the Plaintiff himself was negligent, and that such negligence was the cause of the accident. This position is not sustained by the report. The facts reported by the Referee, in reference to the conduct of Plaintiff and his child, are substantially as follows, viz.: That the Plaintiff resided on Third street, nearly opposite the defective sidewalk, and was aware of its unsafe condition; that the child, at the time of the injury, was about four years and a half old, and was then an active, intelligent child, as much so as children of that age commonly are, and was then in good health; that said child was accustomed to be on said street, but usually in charge of its nurse or parents; that on said 7th day of July, 1860, said child, without the knowledge of its parents, or other person having it in charge, about noon, went out upon said street and sidewalk, and fell off said sidewalk, at said unprotected or unsafe part thereof into said excavation, and upon the stones therein, a distance of twenty feet, &c.; that the evidence does not disclose how said child was conducting himself immediately before its fall, or how its said fall was caused, except that it fell from and off that portion of said sidewalk, not properly protected by proper planks or railing, &c.

As the question of negligence on the part of the Defendant is one of fact for the jury, so also, and for the same reasons, is the same question with reference to the conduct of the Plaintiff, when the question becomes material. The Referee has not found as a question of fact that the Plaintiff was guilty of negligence, and unless the facts stated are sufficient in law to constitute negligence on his part, none is shown by the record. I do not think it can be held, as a matter of law, from any one, or all of the facts above stated, that the negligence of the Plaintiff or child, contributed to the injury complained of. It is urged by the Plaintiff in Error, that in no event can the Plaintiff recover in this action, unless it appear that himself and child were in the exercise of ordinary care and prudence at the time of the accident, and the exercise of such care and prudence on his part is not to be presumed; it must be proved as an affirmative fact, and the burthen of proof is on him.

I do not think this proposition tenable in the form in which it is stated. That negligence is to be presumed against a party, is contrary to the ancient maxim of law, *omnia presumantur legitime facta, donec probetur in contrarium.* Nor is the position, so far as we have been able to examine, sustained by the authorities. (*Cow. & Hill's Notes on Phil. Ev., vol.* 3, *p.* 461, 643, *and cases cited.*). The Plaintiff was not bound to prove affirmatively anything more than he had alleged in his complaint, *i. e.* that the child was injured by or through the carelessness and negligence of the Defendant. Having established this by *prima facie* proof, (without showing want of care or prudence on his own part,) it was for the Defendant to show by way of defence, that negligence on the part of the Plaintiff concurred in producing the result. (2 *E. D. Smth Rep.*, 462.) And this under the pleadings, would be necessary for the Defendant to do in this case, since it tendered the affirmative of the issue of negligence on the part of the Plaintiff. It is doubtless true that a person should use ordinary care and prudence to protect himself and his property from injury, although others are negligent or unmindful of their duty. "But such a rule as this, when the fault of the Defendant is very clearly established, is to be applied

with just caution. If the Defendant, shown to be himself grossly in the wrong—would protect himself by alleging that the Plaintiff is also in fault, he may properly be required to make the proof quite satisfactory, and we would not, on appeal, disturb the finding of the Court below, in Plaintiff's favor, unless such finding be against proofs that we can say, as matter of law, are conclusive, or so clear as to warrant the belief that such finding is the result of bias or some very obvious mistake." (4 *E. D. Smith*, 24.)

If a finding would not be disturbed on appeal, except upon proofs that as a matter of law are conclusive, much less would a Court be justified in disturbing such finding on writ of error, where no proofs are presented to the Court showing that such negligence in fact existed. It appears among the facts found by the Referee, that the child was accustomed to being on the street and side walk, usually, however, in charge of its nurse or parents. This certainly furnishes no evidence of negligence, but the contrary. It appears that at the time the injury occurred, the child was on the side walk without the knowledge of its parents or any person having it in charge. Now, unless it be true, as matter of law, that it was the duty of these parents to maintain such close watch and surveillance over their child, as to not suffer it to leave their presence for a moment, there is nothing in the facts found by the Referee, from which negligence is shown or can be inferred on the part of the Plaintiff, which contributed to the injury. But such is not the law of the case. Such care would be the highest degree of diligence which could be used; but the law does not require this on the part of the Plaintiff, but only reasonable, or as it is usually expressed, ordinary care and prudence. *Ireland vs. The Oswego, Hannibal & Sterling Plank Road Co.*, 3 *Ker.*, 526; 16 *N. Y.*, 476; 1 *E. D. Smith*, 36.

In *Barber vs. Essex*, 27 *Vt.*, 62, it was held that in an action to recover for injuries sustained in consequence of the insufficiency of a public highway, the Plaintiff must show *prima facie*, that he was, at the time, in the exercise of proper care or rather that he was not guilty of negligence; and this being rather a negative proposition, after such negative evidence as

may be presumed to be in the power of the party is shown, the burden of proof is changed and thrown upon the other side. It was also determined in the same case, that questions of negligence, where the law has settled no rule of diligence, cannot be determined as matter of law. And in *Hyde vs. Jamaica*, 27 *Vt.*, 443, it was held that the exercise of ordinary care is not to be presumed, but it must be proved as an affirmative fact, and the burden of proof is upon the Plaintiffs. If it be admitted that these cases, (and some two or three others of similar import, cited by Plaintiff in Error), state the abstract principle of law correctly as to the burden of proof, it cannot avail the Plaintiff in Error in this case, since *non constat* that such proof was not given before the Referee. To render the objection available in this Court, the record should have shown affirmatively that no proof was offered, touching the care and prudence exercised by the child or its parents at the time of the accident. There may have been sufficient proof to satisfy the Referee that the parents at the time were not wanting in ordinary care and diligence, and thus the burden of proof, within the cases above cited, would be thrown upon the Defendant, to show the want of such care and prudence. But there is nothing in the report to show that the Defendant proved that issue. If it be requisite for the Plaintiff in the first instance, to prove as an affirmative fact, ordinary care and prudence, then this Court is bound to presume such fact was proved, in the absence of anything showing the contrary.

The Plaintiff in Error further urges that the legal presumption, in case of an injury happening to a child of the age of the son of the Plaintiff, is that he did not exercise ordinary care and prudence, citing 21 *Wend.*, 615; 21 *Vt.*, 391; 18 *Ill.*, 349; 6 *Cush.*, 292. We do not think these authorities sustain the position of the Plaintiff in Error. The case of *Hatfield vs. Roper*, 21 *Wend.*, 615, holds, that where a child of such tender age as not to possess sufficient discretion to avoid danger, is permitted by his parents to be in a public highway without any one to guard him, and is there run over by a traveller and injured, neither trespass or case lies against the traveller, if there be no pretence that the injury was volun-

tary, or arose from culpable negligence on his part.   An examination of that case will show that it is but little analagous to the one at bar.   The child injured in that case was but two years of age, and both the syllabus and opinion speak of the parents as voluntarily "permitting" or "allowing" the child to resort to the street where the accident occurred.   Nothing of the kind appears in this case ; on the contrary the report shows that it was not the custom of the parents of this child to permit him to be in the street unattended,—a very material fact to be considered in determining the question of ordinary care and prudence.   And while there might be much reason in determining, that as matter of law, an infant of two years old was incapable of exercising the care and prudence required on the part of Plaintiff, these reasons would have far less weight, if, indeed, at all applicable, to the case of a child four and a half years old.   The case of Brown vs. Kendall, 6 Cush. 292, does not apply to the point in any manner, the party there injured not appearing to have been an infant, and the question decided being mainly as to the care and prudence required of the respective parties to the action.   The case of The City of Chicago vs. Major, 18 Ill., 349, it was held that the jurors are to judge whether the parents of the child, (in that case four years of age), were guilty of negligence, and the burden of proof is upon the Plaintiff to show negligence in the Defendant, as well as to acquit himself of it.   We find no statement in the opinion in that case, delivered by Caton, J., that negligence is presumed as a matter of law, against either the child or its parents, in consequence of injuries received while being in the streets of the city ; on the contrary, the judge remarks, that "we cannot hold, as a matter of law, that every time a child, four years of age, steps into the street unattended, the mother is guilty of such negligence as would authorize every reckless or careless driver to run over and trample it down with impunity, or as would authorize the city to expose traps and pit falls in every corner of the streets, in which a child may be drowned or maimed.   Such a rule of law ought to depopulate a city of all its laboring inhabitants.   In this, as in all other cases, it must be left to the jury to determine whether the parents of the child have

been guilty of negligence in suffering the child to be in the streets."

On the contrary, the rule seems to be, (so far as we have been able to examine cases bearing directly upon the point), that the question is one for the jury to determine, whether the child is of capacity to exercise ordinary care and prudence, and that the presumption of law against such capacity only obtains in regard to very young children—younger at least than that which met with the injury in this case. The case of *Robinson vs. Cone*, 22 *Vt.*, 213, is very much in point, and is strongly against the view adopted by the Plaintiff in Error. It was in that case held, that "although a child of tender years may be in the highway *through the fault or negligence of its parents*, and so be improperly there, yet if he be injured through the negligence of the Defendant, he is not precluded from his redress. If the Defendant know that such a person is in the highway, he is bound to a proportionate degree of watchfulness—to the utmost circumspection—and what would be but ordinary neglect, in regard to what he supposed a person of full age and capacity, would be gross neglect as to a child or person known to be incapable of escaping danger." In that case the Plaintiff was three years and nine months old, and was injured by being run over by a team, while engaged with other boys, sliding down hill in a public highway. And the Court, in the opinion delivered by Redfield, J., say that "we are satisfied that although a child, or idiot, or lunatic may, to some extent, have escaped into the highway through the fault or negligence of his keeper, and so be improperly there, yet if he is hurt by the negligence of the Defendant, he is not precluded from his redress." To the same effect is *Davies vs. Mann*, 10 *M. & W.*, 545.

And the case of *Robinson vs. Cone* holds, that "ordinary care must mean that degree of care which may reasonably be expected of a person in the Plaintiff's situation, and this would evidently be very small indeed in so young a child," using the language of Lord Denman, Ch. J., in *Lynch vs. Nurdin*, 1 *Ad. & E. N. S.*, 28. And the case further holds, that "what is reasonable skill, proper care and diligence, &c.,

can only be determined as matter of fact by the jury. It is impossible to establish any general rule upon so indefinite a subject ; and it is impossible to make juries, or merely practical men anywhere, determine these matters except upon the circumstances of each particular case." Very analagous to this case, and holding substantially the same doctrine in regard to the liability of the Defendant to the Plaintiff, (a child of tender years), is that of *Birge vs. Gardiner*, 19 *Conn.*, 507. And in *Oldfield vs. N. Y. & Harlem R. R. Co.*, 3 *E. D. Smith*, 10?, which was an action to recover damages of the Defendants, for injuries sustained by the Plaintiff, (a child between six and seven years old), the Court say, " there are cases where permitting a very young child to be in the streets without an attendant, is of itself evidence of negligence 'sufficient' to defeat an action of this kind, but those cases are of children much younger than this one, and although there may be negligence in permitting such a child to be alone in the streets of a city, unattended, still at her age, I am not prepared to say that as matter of law, such negligence is to be presumed. On the contrary, I think it is properly to be left to the jury to say whether, *under the peculiar circumstances of each case*, a child permitted to go through the streets at such an age, was or was not possessed of sufficient judgment and discretion, to avoid ordinary accidents to which she might be exposed in crossing the streets of the city." See also 4 *Ker.*, 310, *Poth. on Obligations, marg. p.*, 116-17-18.

From an examination of these, and other analagous cases that might be cited, we are satisfied there is no presumption in law of negligence on the part of the child or its parents, in the bare fact that it is found in the street or upon the side walk without an attendant, but that it is a question for the jury or Referee, to determine under all the circumstances of the case, whether there was negligence on the part of the child or its parents, such as to preclude a recovery for the injury received. And, indeed, the cases above cited go farther than is requisite to sustain this report on the facts stated by the Referee, for they hold that the law does not presume negligence, even when the parents knowingly permit the child to be on the street unattended ; much less will it be presumed

when, as in this case, the fact appears that the child was not accustomed to being on the street unattended, and in the instance in which the injury occurred, was there without the knowledge, and consequently without the permission, of its parents. There is certainly nothing in the report, from which this Court, *as matter of law*, can find want of ordinary care and prudence on the part of the child or its parents, and we cannot disturb the judgment below except for errors of law, appearing of record. 3 *Coms.*, 168; 4 *Sel.*, 175.

The only remaining objection urged by the Plaintiff in Error to the judgment, is the amount of damages assessed by the Referee. He finds that the Plaintiff paid eleven dollars for the employ of physicians and surgeons to attend upon the child in consequence of the injuries sustained; that the child was badly cut, bruised and wounded in and upon his head, and otherwise, from which injuries said child has not yet entirely recovered; and that he assessed the damages sustained from such injuries at five hundred dollars, directing judgment for the sum of five hundred and eleven dollars. The claim for damages in the case is not based on loss of service of the child, but for compensation for injuries received, and suffering of body and mind consequent thereon. Although the action is brought in the name of the father, yet the damages are to be estimated as though the child himself were Plaintiff. I am not prepared to say that in such an action the parent can unite either a claim for loss of service, or for money paid for physicians' services, as these rest upon a different ground from the claim for compensation for injuries. But the Defendant may doubtless waive any objection to the joinder of such causes of action, as it appears to have done in this case, since no objection seems to have been made to the complaint on this ground, nor to the introduction of evidence to prove the claim, nor, indeed, does it appear that there was any specific exception or objection to the report on this ground whereby the Court below has been called upon to pass upon this question. The objection cannot properly be raised in this Court for the first time.

In the matter of damages, the amount found by the Referee may, perhaps, be higher than this Court would have found

from the facts stated by the Referee in his report. But the evidence showing the extent of the injuries received, is not before this Court, and we can by no means say that the finding on the question of damages, was the result of partiality or prejudice, or that the damages assessed are so excessive and unreasonable as to warrant the interference of the Court in a matter which is peculiarly within the province of a jury or Referee to determine. It is a well settled principle that in all cases where there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury and not the opinion of the Court is to govern, unless the damages are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case. 16 *Pick.*, 541. In that case the jury gave $600 for injuries sustained by Plaintiff in consequence of a defect in a bridge of the Defendants, and there are numerous analagous cases in which Courts have refused to interfere where juries have allowed much higher amounts of damages. *Caldwell vs. Murphy*, 1 *Duer*, 233; 2 *Green. on Ev.*, sec. 255; *Kendall vs. Stone*, 2 *Sand.*, 269; *Sargeant vs. ——*, 5 *Cow.*, 106; *Oldfield vs. The N. Y. & Harlem R. R. Co.*, 4 *Ker.*, 310; *Ransom vs. The N. Y. & Erie R. R. Co.*, 15 *N. Y.*, 415; *St. Martin vs. Desnoyer*, 1 *Minn.* 156; 2 *Minn.*, 37.

The judgment below must be affirmed.