## ANDREW JOHNSON AND WIFE

*v.*

## THE WINONA AND ST. PETER RAILROAD COMPANY.

The law imposes upon a common carrier of passengers the utmost human care and foresight for the safety of the passengers, and holds him responsible for the slightest neglect.

Negligence is a mixed question of fact and law, to be left to the jury, under the instruction of the court, as to what constitutes negligence.

Where the evidence is such that different minds might reasonably draw different conclusions from it, the court will not disturb the verdict.

To constitute an insufficiency of evidence to sustain a verdict, there must be such a want of evidence on some material issue as satisfies the court that the jury, in their finding, were influenced by partiality or prejudice, or misled by some mistaken view of the case.

This action was brought in the District Court for Winona county, to recover damages for injuries sustained by the plaintiff, Caroline Johnson, while a passenger on the cars of the defendant. These injuries, it was alleged by the plaintiff, were occasioned by the negligence and carelessness of the servants and employees of defendant. The defendant, for a defense, denies this allegation, and alleges that the injuries were occasioned by said plaintiff's own negligence and carelessness. Testimony was introduced at the trial, on the part of the plaintiffs, to prove the injuries sustained, and tending to show carelessness and negligence on the part of defendant's employees and servants. When the plaintiffs rested their case, the defendant moved the court to dismiss the action, *claiming* "that there was no evidence going to show that the plaintiff, Caroline Johnson, was injured through any want of

Johnson v. Winona and St. Peter Railroad Company.

care or diligence on the part of defendant, its agents or servants;" and, "that the evidence did show conclusively that the plaintiff, Caroline Johnson's, own want of care, and negligence, contributed directly to produce the injury complained of, and was the direct and immediate cause of said injury." The court denied the motion, and the defendant excepted. The defendant then introduced testimony tending to prove the defense. At the close of the testimony, the defendant asked the court to charge the jury, "that inasmuch as the evidence is undisputed that the plaintiff, of her own accord, placed her foot upon the links connecting the two cars together between the bumpers, such act of hers was negligence on her part, and she cannot recover." The court refused so to charge, and the defendant excepted. The jury found a verdict for the plaintiffs; a motion was made by the defendant for a new trial, on a statement of the case duly made and settled. The court granted this motion, and from the order granting the same, the plaintiffs appeal to this Court. The evidence, so far as material to the points decided, appears in the opinion of the Court.

Wm. Mitchell, for appellants.

I. This case is to be viewed and decided by the appellate court, precisely as if the motion for a new trial were argued before them "*de novo*." Under our practice, when an appeal is allowed, from an order granting or refusing a new trial, and that appeal is brought up upon an agreed case, the question of granting or refusing the motion, is not to be viewed as a matter resting on the discretion of the court below, as it is in England, or even in those States of the Union where a practice different from ours prevails. The appellate court must pass upon it precisely as if the motion had been originally made to them directly. 1 Grah. & Wat. on New Trials, page 408; *Chamberlain v. M. & M. R. R. Co.* 7 Wis. page 425.

II.   Every presumption is in favor of the verdict.   *Honeycut v. Angel*, 4 Dev. & Batt. page 306.

III.   A verdict should not be set aside unless it be clearly and manifestly against the evidence.   *Cunningham v. Magoon*, 18 Peck, page 13.

IV.   A court will not set aside a verdict as being against evidence, merely because on examination they might have come to a different conclusion from that arrived at by a jury. *Wendall v. Safford*,, 12 N. H. page 171; *Ways v. Callison*, 6 Leigh, 230.

V.   A mere preponderance of evidence against a verdict is no ground for granting a new trial.   G. & W. on New Trials, Vol I, page 380.

VI.   While it is true that insufficiency of evidence is good ground for granting a new trial, yet, as the jury is the exclusive judge of the facts, a new trial should never be granted except when there is an entire absence of evidence on some point material to sustain the verdict, or when the verdict is so plainly and palpably against the entire weight of evidence as to make it manifest that there was mistake or gross prejudice on the part of the jury.   A court has no right to weigh the preponderance of evidence.   Wherever there is *any* or *some* evidence to sustain the verdict, the court ought not to disturb it.   The courts of our own State have properly taken high ground on this subject, so as to protect the right of jury trial from improper encroachments. *McLane v. White*, 5 Minn. 178; *Prince v. Henan*, Ib. 347.

VII.   A court will not grant a new trial even when the verdict is technically against the evidence, provided the verdict be in accordance with substantial justice, or provided the amount is so small and trivial that the ends of justice or the interests of the parties do not require that a new trial be had.   G. & W. on New Trials, Vol. I, page 398; Ib. page 401.

VIII. Where an issue of fact has been fully and fairly submitted upon its merits, and the jury in the free exercise of a sound judgment pass upon it, the verdict must stand. G. & W. on New Trials, Vol. I, page 362.

IX. These general rules as to granting new trials are peculiarly applicable to the present case, inasmuch as the question of negligence or want of due care is peculiarly and exclusively a question of fact for the jury, and one which the court has no right to take from them.

The defendant was a common carrier of passengers for hire, and as such, was held to the *utmost diligence*, and liable for the *slightest negligence*. *Stokes v. Saltonstall*, 13 Pet. page 181; Story on Bail. Sec. 601; Chitt. on Carr. page 256 marg., and cases *passim; N. & C. R. R. Co. v. Messino*, 1 Sneed, page 220.

X. Plaintiff insists that the ordinary care imposed by the law upon her was, " that degree of care which may be reasonably expected from a person in the plaintiff's circumstances," and cites *Lynch v. Nurdin*, 1 Adol. & El. 41 E. C. L. 422; *Beers v. H. R. R. Co.*, 19 Conn. 566; 1 Hill. on Torts page 162; Redf. on Railways page 330.

Plaintiff insists that, although there may have been negligence on the part of the said plaintiff, Caroline Johnson, yet unless she might, by the exercise of ordinary care, have avoided the consequences of defendant's negligence, they are entitled to recover, and cites Chitty on Carriers, page 273 (marginal); *Bridge v. Grand Junction Railway Co.*, 31 M. & W. 248; *Butterfield v. Forester*, 11 East. 60; *Beers v. Housatonic R. R. Co.*, 19 Conn. 566; *Bridge v. Gardner*, 19 Conn. 506; *Stucke v. M. & M. R. R Co.*, 9 Wis. 202; 1 Hilliard on Torts, pages 144, 159 *et seq.*; Redfield on Railways, page 330.

The plaintiffs further insist that the court below erred in granting a new trial, because the question of negligence, or want of proper care, is purely one of fact, and belongs ex-

clusively to the jury to decide, and a court cannot take that question from them without error, and cites *Beers v. Housatonic R. R. Co.*, 19 Conn. 566; *Aldridge v. G. W. Ry. Co.*, 1 Eng. Ry. Cases, 852; *Spencer v. M. & P. D. C. R. R. Co.*, 17 Wis. 487; Redfield on Railways, page 333; *Patterson v. Wallace*, 28 Eng. L. & Eq. R. 48; *City of St. Paul v. Kuby*, 8 Minn. 154.

SARGEANT, FRANKLIN & KEYES, for respondent.

I.   The court did not err in granting a new trial.

1.   A new trial is a re-examination of an issue of fact in the same court, after a trial and decision by a jury, court or referees.

The former verdict or other decision may be vacated and a new trial granted for the following, among other causes, materially affecting the substantial rights of a party, viz: *Insufficiency of the evidence* to justify the verdict or other decision, or that it is against law.   Comp. Stat., p. 564.

2.   A motion to set aside a verdict and for a new trial, upon insufficient evidence, means a motion for a new trial on the ground that the verdict is against the evidence.   *Allegro v. Duncan*, 24 How. Pr. 210; *More v. Wood*, 19 How. Pr. 405.

3.   Where the evidence on behalf of the successful party does not establish the facts constituting his cause of action or defence beyond a reasonable doubt, the verdict cannot be maintained.   *Sheldon v. Hudson River R. R. Co.*, 29 Barb. 226.

Even in a case where the fact to be found by the jury consists of distinct integral facts, some of law and some of fact, which must exist and be proved before such mixed fact can be said to be established, a verdict finding the fact without evidence of such legal prerequisites, would be a verdict against law, and should be set aside as often as returned. *Bryant v. Commonwealth Ins. Co.*, 13 Pick. 550.

4.   A new trial may be granted on the ground that the verdict was against evidence in any case.  *Robbins v. Hudson River R. R. Co.*, 7 Bosw. 1;  *Vance v. Phillips*, 6 Hill, 433;  *Conrad v. Williams*, 6 Hill, 444;  *Wait v. McNiel*, 7 Mass. 261;  *Custis v. Jackson*, 13 Mass. 507; • *Bryant v. Commonwealth Ins. Co.*, 6 Pick. 131;  *Coffin v. Phœnix Ins. Co.*, 15 Pick. 291.

And this is so even in a case where the question is, whether a conveyance of property is fraudulent against creditors, and under a statute in all respects like our own in relation to that subject.

5.   Where there is no controversy about the facts, whether the plaintiff has made out a case is a question of law.  *Trow v. Vt. C. R.*, 24 Vt. 487;  *Henning v. N. Y. & Erie Railway*, 13 Barb. 9.

In this case there is no real controversy about the facts in relation to the acts of the defendant at the time the injury was received by the plaintiff, and there can be not even a shadow of such controversy, pretended in relation to the acts and conduct of the plaintiff at that time.

It is no answer to say that, although the facts are undisputed, still the question whether those facts on the one hand and on the other constitute negligence, is in and of itself, a question of fact which must be submitted to and determined by a jury, and that their determination in such case is final; because that is equivalent to saying, that upon an admitted state of facts—an agreed case—the law furnishes no answer to the parties as to their respective rights and liabilities, and that to settle that naked question for counsel and court, a jury of twelve men must be called in—a proposition it seems to us too absurd to challenge respectful consideration.

We are unable to conceive of a case, wherein the facts are all undisputed, that the law does not lay hold of, and determine the rights of the parties.

The facts make up and constitute the subject, and the law is the judge. The law—a rule of action—embraces within its purview every conceivable act and transaction known among men, and when the facts concerning any act or transaction are undisputed, the law at once settles the rights of the respective parties, in so far as the right of recovery is concerned. To say otherwise, is to say that there are acts and transactions without its pale.

6. To the liability of a railroad company as passenger carriers, two things are requisite : That the company should be guilty of some negligence which mediately or immediately produced or enhanced the injury. And that the passenger should not have been guilty of any want of ordinary care and prudence which directly contributed to the injury ; since no one can recover for any injury of which his own negligence was in whole or in part, the proximate cause. *Collins v. Albany & Sch. R. R. Co.*, 12 Barb. 492; *Holbrook v. Utica & Sch. R. R. Co.*, 12 N. Y. 244; *Gahagan, Adm., v. Boston & Lowell R. R. Co.*, 1 Allen, 190 ; *Robinson v. Fitchburg & Worcester R. R. Co.*, 7 Gray, 97; *Lane v. Crombie*, 12 Pick. 177; *Adams v. Carlile*, 21 Pick. 146; *Cassley v. White*, 21 Pick. 255 ; Angell on Carriers, (3d Ed.) 486–7–8–9, and cases cited ; 2 Hilliard on Tort, (2d Ed.) 387–8, and cases cited; *Barnes v. Cole*, 21 Wend. 188 ; *Todd v. The Old Colony & Fall River R. R. Co.*, 3 Allen, 18.

II. The court was right in charging the jury that "ordinary care or caution is the care or caution which every person of common prudence, capable of doing business, exercises towards his own business." Angell on Carriers, (3 Ed.) Secs. 6–11.

*By the Court*—McMILLAN, J.—This cause was tried by a jury in the District Court, and resulted in a verdict for plaintiffs of $150 damages; whereupon the defendant moved for a new trial, on the grounds, (1) That the evidence is insufficient

to sustain the verdict; (2) Errors in law occurring on the trial, and duly excepted to.

Upon the trial, the defendant, at the close of plaintiff's testimony, moved for a dismissal of the action, because, (1) "There is no evidence going to show that the plaintiff, Caroline Johnson, was injured through any want of care or diligence on the part of the defendant, or its agents or servants; (2) The evidence shows conclusively, that the plaintiff, Caroline Johnson's own want of care and diligence, contributed directly to produce the injury complained of, and was the direct and immediate cause of such injury."

The court denied the motion, and defendant excepted. At the close of the testimony in the case, the defendant's counsel requested the court to charge the jury, "that inasmuch as the evidence in this case is undisputed, that the plaintiff of her own accord, placed her foot upon the link connecting the two cars together, between the bumpers, such act of hers was negligence on her part, and she cannot recover." The court refused so to charge, and the defendant excepted.

The issues as to the negligence of the parties, defendant and plaintiff, are the important issues in this case.

The defendant is a railroad company, engaged in carrying on its road, passengers and freight for hire, and the plaintiff, Caroline Johnson, was a passenger for hire, on the road of defendant, going from Winona to Lewiston. The defendant was, therefore, a common carrier of passengers, and continued in this relation until the contract of transportation was fully completed, and the plaintiff, Caroline Johnson, landed from the cars at her destination. As such carrier, the law imposes on the carrier, the utmost human care and foresight, and makes him responsible in damages for the slightest neglect.

The verdict being for the plaintiff, every issue necessary to sustain it must be presumed to have been found against the defendant. It follows, therefore, from the finding of the jury, that there was negligence on the part of the defendant's em-

ployees, and that there was no "ordinary negligence" of the said plaintiff, which contributed proximately to the injury complained of; we are then to inquire whether the evidence on the trial was sufficient to support these findings.

It is a mistake to suppose that there is no real controversy about the facts in relation to the acts of the respective parties to this suit, affecting the question of negligence; there are material differences between the parties upon this point. The theory of the plaintiffs is, that the defendant ran the cars on which the said plaintiff and others were passengers, past the station platform unnecessarily, and stopped the train in that condition, to discharge the passengers; that the box cars prevented access to the station platform from the platform cars containing the passengers; that there being no other way of egress from the car, the said plaintiff was compelled to jump from the loaded car, three and a half or four feet, to the ground, or descend at the end of the car, by stepping on the bumper or connecting link; that one course was no more careless than the other; that in descending at the end of the car, while stepping on the connecting link, the train jerked back about one and a half feet, and crushed the said plaintiff's foot between the bumpers; that the backing of the train was for the defendant's convenience, and not for the safety or convenience of passengers, and that no notice of the movement. was given by signal or otherwise.

In support of this theory, the plaintiffs produce witnesses, who testify that the train came up to the station slowly, and slacked up at the platform, when the conductor jumped off the train to the station platform; that the said plaintiff was on a platform car which passed the station, and half the next rear car, which was a box car; that the train stopped in this position, the passengers, seven to ten, proceeded to get off, others having preceded her, the plaintiff was descending at the end of the car, and while stepping on the connecting link, the cars made a jerk back about the distance mentioned, and hurt the

said plaintiff's foot between the bumpers; the train had stopped a minute before it backed; it remained in this condition; at the time this accident happened, the conductor was on the station platform, taking things belonging to said plaintiff, out of the car; the things were taken out by him in part, before the accident, from the rear car or the one next to it; he commenced taking things out very soon after he got off; no bell was rung, or whistle blowed, at the time of the backing, that witnesses heard. Witnesses think the conductor did not come to said plaintiff at the time of the injury, and did not know of the accident. All testify that there was no way of getting off the cars at the sides, but by jumping three and a half or four feet to the ground.

On the other hand, the defendant claims that the train ran past the platform because it was dangerous to stop the train, loaded as it was, and it was the intention to back the train immediately, and discharge the passengers on the platform; that the engine was reversed and the train backing to let the passengers off, when the accident happened; that the fireman rung the bell immediately before, and at the time of, backing; that the passengers had no notice to leave the cars; that the said plaintiff, by stepping on the connecting link between the bumpers was guilty of at least ordinary negligence, and by so doing, contributed directly to the injury complained of. There were three witnesses examined for the defense, the conductor, the engineer, and the brakeman. All agree that the cars were loaded with ties and iron, and were going slowly when they arrived at Lewiston. The conductor testifies that he stepped off on to the platform, and the car on which the said plaintiff was, run past the platform about a car and a half, that before the cars stopped he gave signal to back, to give said plaintiff a chance to get off on the station platform; just as they commenced backing, he heard a woman halloo, and gave signal to stop; train stopped before backing more than a foot or two; he was on the platform when he gave signal to back; had

given no notice to passengers to leave the train; he gave such notice on other trains, not usually on that; it might have been a quarter of a minute after he got off before he gave signal; he was opposite the head box car when the train stopped; they were slacking back as he gave signal to stop; thinks no passengers had got off when he gave signal to stop, not certain; heard a woman cry out, saw her then, had not noticed her before; not a car was unlocked or an article stirred till after the accident happened. The brakeman testifies he had brakes to stop the cars at the place, but cars were so heavily loaded they could not stop them very readily. The engineer testifies he thinks they ran by the platform with flat cars; the conductor gave him signal to back on that occasion; he reversed and backed up; had a heavy train; light train can be stopped quicker than a heavy one; it damages the engine to stop quick with heavy train; pulled the lever over before the train stopped; did not give reverse steam till he got signal to back up; backed up within half a minute after he received signal, as soon as it could be done; is positive the fireman rung the bell immediately before and at the time of backing up.

In view of the testimony, it needs no argument to show that the question of negligence in this case, was one peculiarly for the jury, unless the act of the said plaintiff was in itself negligence in law. Can it be said that the mere act of stepping on the connecting link between two railroad cars, is in itself negligence? Clearly not, for there may be no engine connected with the train, and a hundred other circumstances may divest the act of any characteristic of negligence.

Whether, under the circumstances in which the said plaintiff was situated, it was negligence, is a mixed question of fact and law. Negligence and prudence are relative terms, qualified by the country, the age, the relations, and circumstances in which an act is done or omitted. The law can give no certain fixed standard by which a jury shall be governed in

inquiries of this character for the simple reason that there is none; it only professes approximation to a standard. These questions are eminently practical, and are, says Story, more questions of fact than law.

The question of negligence was properly left to the jury, under the instruction of the court, as to what constitutes negligence. The defendant cannot complain of the instruction in this case. Nor do we think the evidence is insufficient to sustain the verdict. To constitute an insufficiency of evidence to sustain a verdict, there must be such a want of evidence on some material point in issue, as satisfies the court that the jury, in their finding, were influenced by partiality or prejudice, or misled by some mistaken view of the case. *St. Paul v. Kuby*, 8 Minn. 171.

Different minds might reasonably differ in the conclusions they would draw from the testimony in this case, and since the jury, whose province it is to pass upon the facts, have returned a verdict, we see no reason why it should be disturbed.

These views also dispose of the second ground for a new trial—errors in law occurring on the trial and duly excepted to—adversely to the defendant.

The order granting a new trial should be reversed, and the cause remanded for further proceedings.