CHARLES B. SPENCER,

*vs.*

ISAAC B. TOZER.

The whole of a charge must be taken together; and where the jury found a verdict for plaintiff, for the value of work ordered of him by defendant, but which in fact went to the use of another, *Held:* That the verdict will not be set aside because the jury were instructed, that if the plaintiff gave the credit and looked to the defendant for his pay, and not to the principal, they must find for the plaintiff; the court having in the course of its charge instructed them, that it was not sufficient that the plaintiff alone, knowing that the work was for another, should do it on defendant's credit, but that it must be mutually agreed between the parties that he should look to the defendant individually.

The sufficiency of evidence to sustain the verdict considered.

Spencer brought this action in the district court for Dakota county, for work and labor performed for the defendant. The defendant answered, in substance, that he, as one of the building committee of the First Baptist Church of Hastings, employed the plaintiff to work for said church, and that such work and labor was done and performed for said church, of which fact the plaintiff had full knowledge. The jury found a verdict for the plaintiff, and the defendant moved for a new trial, which was denied, and he appeals to this court. The points raised in the court below, upon the motion for a new trial, are sufficiently stated in the opinion of the court.

Spencer v. Tozer.

Smith & Van Slyck and J. N. Searles for Appellant.

Huddleston & Babcock for Respondent.

*By the Court*—Ripley, Ch. J.—Spencer sued Tozer for work and labor done for him at his request. Defendant pleaded payment; and that in ordering the work he acted only as agent for the First Baptist Church in Hastings, for whom the work was done, and therefore was not personally liable.

Upon a trial by jury a verdict was rendered for the plaintiff. Defendant moved for a new trial on the grounds : 1st. That the verdict is not justified by the evidence, and is contrary to law. 2d. Errors in law occurring at the trial and excepted to by the defendant.

The motion was denied, and defendant appeals to this court.

As to the first point, we cannot say that the evidence is insufficient to sustain the verdict, under the settled rule of the court on the subject. *Johnson vs. W. & St. P. R. R.* 11 *Minn.* 307; *City of St. Paul vs. Kuby*, 8 *Minn.*, 154; *Davis vs. Smith*, 7 *Minn.* 414. The rule of law relied on by defendant, viz: that when an agent is duly constituted, and names his principal, and contracts in his name and does not exceed his authority, the principal is responsible and not the agent, is not applicable. It is neither alleged nor proved that defendant was a duly constituted agent for any body. The answer alleges that defendant employed plaintiff to do the work, as one of the building committee of said church, and in that capacity alone; and defendant swears that he told plaintiff at the time he ordered the work that he was one of the building committee of the Baptist Church, and that he was acting as a trustee; and that he wanted him to build

some entrances for the new church edifice. Supposing that the church was a corporation (which is neither alleged nor proven) there is no presumption that any building committee, or the trustees, much less one of their number, had any authority to order this·work. *Rev. Stat. ch.* 34, *sec.* 75 ;. *Tippets vs. Walker*, 4 *Mass.* 595 ; *White vs. Skinner*, 13 *Johnson*, 307.

Defendant's statement on cross-examination that the church "*is duly incorporated*," is no evidence that it was, and we cannot presume that it was duly incorporated; and if it was not, but simply a mere voluntary religious society, it was not a responsible principal, in the sense here to be understood, any more than a club, or any other voluntary association. *Dunlap's Paley on Agency*, 374, 375 ; *Cullen vs. Duke of Queensberry*, 1 *Brown Ch. R.* 101.

Defendant's position, therefore, is not, upon his own showing, such as to absolve him from liability in the absence of an express undertaking in his own name. *White vs. Skinner*, 13 *Johnson*, 307.

The question was simply one of fact for the jury; to whom, according to the understanding of the parties was the credit in fact given. Without weighing the evidence as to points upon which it was conflicting, and looking only at the undisputed facts : that the lumber upon which the work was done was sent to Spencer's shop by defendant ; that he acted throughout, so far as appears, without reference to his colleagues, either committeemen or trustees ; that it does not appear that the church, whether incorporated or not, had any property or funds, or means of payment ; we cannot say that here is such a want of evidence on the point in issue as to satisfy us that the jury were influenced by partiality or prejudice, or misled by some mistaken view of the case (8 *Minn.* 171) ; we should rather say that the defendant had

ailed to overcome the presumption, that the work was done on his credit, arising from the absence of any proof of authority on his part to contract for any one except himself, and the want of any responsible principal. *Dunlap's Paley on Agency, p.* 370, *note a.* 372 (*A.*); *Gillespie vs. Wessen,* 7 *Porter,* 454; *Randall vs. Van Vechten,* 19 *Johnson,* 63.

It is argued that it is in proof that the frames went to the use of the church, because they were shown to have been put into the church edifice, and that plaintiff knew it, and also that at defendant's request he made out a bill against the trustees. It is not proved, and we cannot presume without proof, that the church edifice was the property of the church, whether corporation or not, or that Spencer knew anything more on the subject at the time the work was ordered than defendant told him. The frames were attached to the church, and the bill was made out to the trustees subsequently, and it does not appear that the bill was ever presented to the trustees by plaintiff or defendant, or that the defendant who returned it, as too high, consulted his colleagues on the point; he certainly seemed to have treated the matter as one between himself and Spencer. Suppose a reference had taken place, as defendant swears was agreed upon, to see, to use his language, "if he should pay him any more," and an award made in plaintiff's favor; could it be contended on the evidence before us, that the society was bound, and defendant was not?

We see no reason for disturbing this verdict unless there was error in the charge of the judge as claimed by defendant. The instruction complained of is in these words: "If the jury find from the evidence, that Spencer gave the credit, and looked to Tozer for his pay, and not to the church, or the trustees of the church, they must find for the plaintiff, unless they find that the plaintiff had been fully paid for the

work; because persons contracting as agents are personally responsible, when there is no responsible principal to look to to whom recourse can be had, and also where they do not disclose the fact of being only an agent in the matter, and not paymaster."

The instruction is said to be erroneous, because the question for the jury to determine was: to whom was the credit knowingly given according to the understanding of "*both parties*," and not according to Spencer's understanding?

We do not see that the jury would be any more liable to be misled in that respect by this instruction, if it stood alone, than if it had been given in the words of an author relied on by defendant, that the "question was simply to whom the credit was given, whether to the principal or the agent." *Dunlap's Paley on Agency, p.* 369. To whom the credit was given, and to whom Spencer gave credit, are convertible expressions. But the whole charge must be taken together, as a whole, as it was given. Though portions appear to have been given at the request of the plaintiff, and others at the request of the defendant, it was all given at once, on the same subject matter, and must be so construed. Thus construed it would seem that the jury could not have been misled as suggested. For they were expressly told that it was not sufficient that the plaintiff, alone, knowing that the work was for the church, should do it on defendant's credit, but that it must be mutually agreed between the parties that he should look to the defendant individually.

The charge indeed, taken as a whole, is too favorable to the defendant; for, it not being proved either that Tozer was an authorized agent, or that the church was a responsible principal, the fact that plaintiff knew that the frames were for the church, and that the church would receive the

Spencer v. Tozer.

benefit of his work, would not require an express promise on the part of the defendant to make him liable. *Dunlap's Paley on Agency, p.* 372, *A. I.*

But the court charged that it would, and if the charge is inconsistent with itself, as defendant claims that it is, it is in this respect. But it is not inconsistent with. itself. To say that if Spencer gave credit to Tozer, and not to the church, Tozer is liable, is only stating the universal test applicable to all questions of the personal liability of agents; to whom was the credit in fact given? *Dunlap's Paley on Agency,* 369, *Note* (1.)

This covers cases in which the controversy is, whether or not there was an express promise, as well as all others.

The jury may have supposed that they were required to find an express promise on the part of defendant. If under that supposition they found a verdict for plaintiff, *a fortiori* they would have done so, had they not so supposed. If they have found against defendant under instructions too favorable to him, he cannot complain.

The order appealed from is affirmed.