## TERRITORY OF HAWAII *v.* AKI.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED APRIL 20, 1903.          DECIDED JUNE 13, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A document purporting to be a notice of appeal from a District Magistrate to a Circuit Court which is not signed by the appellant or some one on his behalf, is not a notice of appeal within the meaning of the statute.

OPINION OF THE COURT BY PERRY, J.

The only exception in this case is to the dismissal by the Circuit Court of the defendant's appeal from the District Court of Puna, Hawaii, such dismissal being based on the ground that the instrument filed purporting to be the notice of appeal was not signed.

There was no error in the ruling excepted to. The statute (C. L., Sec. 1430) provides that appeals shall be allowed from all decisions of District Magistrates to the Circuit Court of the same Circuit whenever the party appealing "shall file notice of his appeal" within a time stated and comply with certain other conditions. The notice required by this statute must be *in writing. Kaleialii v. Grinbaum,* 9 Haw. 141. In our opinion, such writing in order to constitute a notice within the meaning of the statute must be signed by the appellant or by some one

in his behalf. Without signature it is not the act of the party and is as though no notice had been filed. See *Doer v. Life Association,* 92 Ia. 39; *Larrabee v. Morrisson,* 15 Minn. 151; 2 Encycl. Pl. & Pr. 215. That the failure to sign the notice was due to ignorance or to inadvertence or to the reliance placed by the defendant upon those who were requested by him to prepare the necessary papers, is not a sufficient excuse.

The exception is overruled.

*Deputy Attorney General Peters* for the Territory.

*Messrs. Wise & Ross* for the defendant.

