ZERA BRADLEY v. THE BUFFALO, NEW YORK AND ERIE RAIL-
ROAD COMPANY.

Railroad companies are required to erect and maintain fences on the sides of
their roads, and to construct *cattle guards* at all road crossings, suitable and
sufficient to prevent cattle, horses, sheep and hogs from getting on such rail-
road track.

The fact that the road crossing is at or near the depot, and that, to make such
cattle guard there, would inconvenience the company, will not excuse them
from complying with the positive requirements of the statute.

APPEAL from Supreme Court. Action to recover the value
of a horse killed on the railroad of defendants by one of their
engines; the horse having got upon the road, as alleged, by
the neglect of the defendants to construct and maintain a
"cattle guard" at a road crossing.

The trial was before a referee, and the facts found by him
were, in substance, these: The defendants' railroad passed
through the village of Kanona, in the town of Bath, in the
county of Steuben, or, rather, upon the northern skirts of
the village. They had a passenger and freight depot there, at
which trains stopped. There was a public road running
nearly parallel with the railroad, about forty rods south of it,
and a highway ran from this road in the village northerly
(being the road leading from the village to the town of
Wheeler), which crossed the railroad track 527 feet easterly
of the station house. There was also a cross street running
from said parallel road northerly, crossing the railroad track
200 feet east of the depot, and intersecting the Wheeler road.
The defendant's road was properly fenced, but there was no
cattle guard immediately adjoining either side of the Wheeler
road or the cross street. There was a cattle guard, suffi-
cient to prevent horses and cattle from getting on the track,
350 feet east of the Wheeler road, and another at the upper
end of a branch track, a little west of the depot. The main
track ran on one side of the depot, and there was a branch
track on the opposite side of it. Most of the travel to and
from the depot, with teams, passed from the Wheeler road,

within the defendants' fences, alongside of their track, to the depot and their woodshed west of the said cross street — the woodshed being between the depot and the cross street.

On the night of the 30th December, 1858, a horse owned by the plaintiff strayed upon the public highway in the village of Kanona, and from said highway went upon the defendants' railroad at a point thereon between the easterly cattle guard at said station and the Wheeler cross road, by means of a lane or street which led to the railroad from the Wheeler road, and from that point passed westerly upon the railroad to a point between the woodshed and passenger depot, and at that point the horse (there being another horse in company with him) was struck by the engine of the defendants' express train, going west, and was killed, without fault or negligence of the defendants' agents or servants, in respect to the running or operating of their engine or cars. The horse was of the value of seventy-five dollars.

The referee further found, " that the location of the buildings, tracks, switches, and cattle guards, at the said Kanona station, were such as were safe in view of the reasonable necessity and convenience of the defendants and of the public; that the space between the cross street and the main depot, and between the Wheeler road crossing and the main depot, were left open for convenient access to said depot for the public."

Upon these facts the referee decided, as a matter of law, that the defendants were not bound to maintain a cattle guard between their depot and said cross street on said Wheeler road, to prevent cattle and horses from getting upon their depot grounds and the track at their depot; and that the plaintiff was not entitled to recover, and that his complaint be dismissed, with costs."

The plaintiff's counsel excepted to the ruling that the facts proven and found did not entitle the plaintiff to recover for the alleged cause of action set out in his complaint; and also excepted to the ruling dismissing his complaint.

From the judgment entered on the report of the referee, the plaintiff appealed to the General Term in the seventh district, where the judgment was reversed and a new trial

ordered; and the defendants have appealed from the order of the General Term, stipulating that, if the order be affirmed by this court, judgment absolute may be rendered against them.

*Hammond & Ferris*, for the plaintiff.

*A. P. Laning*, for the defendants.

WRIGHT, J. Railroad companies are required, by statute, "to erect and maintain fences on the sides of their roads;" and "to construct and maintain cattle guards at *all* road crossings, suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on to such railroads;" and it is expressly declared that, "so long as such fences and cattle guards shall not be made, and when not in good repair, such railroad corporation, and its agents, shall be liable for damages that shall be done by the agents or engines of the corporation to any cattle, horses, sheep or hogs thereon." (Laws of 1854, chap. 282, § 8.) It is conceded and found by the referee, in this case, that there was a non-compliance by the defendants with these statute requirements, both as to fences and cattle guards, and that the consequence was, the plaintiff's horse strayed upon their track and was killed by one of their engines. There were two road crossings east of the defendants' station house at Kanona, the one at the distance of 200 feet, and the other 527 feet, at neither of which were there any cattle guards or fences, or anything to prevent animals from going on their track. At these unguarded points the plaintiff's horse went upon the track, and was killed near the station house by the engine of a passing train. Yet, notwithstanding this plain violation of a statutory duty by the railroad company, by reason of which the plaintiff lost his horse, the referee held that the company was not liable, and dismissed his complaint.

The judgment cannot be sustained. The duty enjoined is to construct and maintain cattle guards at *all* road crossings, and it is not for courts to nullify, by construction, the plain and explicit requirements of the statute—to hold, as was

done by the referee, that road crossings adjacent to the station buildings of a railroad company are not within its purview. When the statute declares that cattle guards shall be constructed " at *all* road crossings," we have no right to create exceptions, or say, in effect, that, because a railroad company chooses to locate its station buildings, not on, but near a public highway crossing, and thereby cattle guards may inconvenience it and the public, it is not bound to construct and maintain them. Such a construction does violence both to the letter and policy of the statute, which is, to guard against the destruction of property and human life consequent upon animals straying upon the road, thus endangering not only their own lives by being run over, but the lives of travelers by throwing the trains from the rails. The present case illustrates completely this policy. Here were two public roads crossing the track in a thickly populated district, with not one safeguard required by the statute to prevent animals from straying on it. The precise thing which might have been apprehended happened — the precise thing, too, against which the statute was intended to guard. A horse strayed upon the track, and was killed. The train, it is true, was not thrown from the rails, and there was no sacrifice of human life; but this was providential, for, under similar circumstances, such a disaster might have resulted from the defendants' violation of duty.

It was no answer, then, to the plaintiff's action, that the two road crossings were adjacent to the station buildings of the defendants. In omitting to construct cattle guards at those crossings, they neglected a statutory duty, and thereby damage ensued to the plaintiff, for which they were clearly liable. Inconvenience was no excuse to them. If a railroad company finds it inconvenient to build cattle guards at road crossings near its depot or station, it must take the chances of paying for injuries sustained by reason of their not being built, or it must keep a sufficient watch to prevent accidents.

The order of the Supreme Court should be affirmed, and judgment absolute rendered against the defendants.

LEONARD, J.  The referee, before whom this action was tried, dismissed the complaint, because the facts proven in evidence did not sustain the case.

The judgment entered for the defendants on his report was reversed by the General Term of the Supreme Court, seventh district, and a new trial was ordered.

The defendants now appeal from that order, and have stipulated that an absolute judgment be entered against them if the order be affirmed.

The action is brought to recover the value of a horse belonging to the plaintiff, which was killed by the engine of an express train while passing along the line of the railroad track of the company near their depot at Kanona.  It appears from the report that there were no cattle guards where the railroad crosses two public highways near the depot, and that the track was not inclosed by a fence at another point, also near the depot, where a lane, leading from another highway running parallel to the railroad, intersects with the track of the defendants.

The horse could not have reached the track of the railroad, nor the depot grounds where he was killed, if the track had been fenced in at the lane, nor if cattle guards had been constructed at the points where the track intersected the highway.  The depot was more accessible to the public without them.

The railroad act directs that fences and cattle guards shall be constructed and maintained, and declares that the corporation shall be liable for all damage done by their agents and engines to any cattle, horses, sheep, &c., along their line, unless such fences and guards are constructed and kept in repair; and after they are constructed, and while kept in repair, they shall not be liable for such injuries. (2 R. S., 5th ed., 689, 690, §§ 55, 56.)

The statute prescribes a duty, and imposes a penalty in case of its neglect, from which the corporation are to be wholly relieved in a compliance therewith.

The rule of construction prescribes that statutes imposing penalties, in case they are disobeyed, shall be held to be

mandatory, and that courts shall not then consider the circumstances of a case, or its hardships or inconvenience. The intention of the legislature in such cases cannot be held to be different from that which they have by their language declared.

If the construction of fences and guards, or their repair, is neglected, a railroad company can be relieved from liability for injuries to cattle, horses, &c., only by employing a sufficient watch to prevent estrays from coming on to their track. The statute so declares, and public policy requires it.

It is no excuse that the cattle, horses, &c., were at large in violation of law. (*Corwin* v. *The New York and Erie Railroad Company*, 3 Kern., 42.)

The order appealed from should be affirmed with costs, and the judgment against the defendants be made absolute.

Order affirmed and judgment absolute.