ALMA A CRAWFORD, RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Section 44 of chapter 140 of 1850 — the company must fence vacant lots fronting on its tracks in a city.*

Section 44 of the general railroad act, requiring companies to erect and maintain fences along the line of their roads, is applicable to cases in which their tracks are laid in the streets of cities and villages, and they are liable to the owner of cattle injured by their neglect to fence the vacant lots fronting thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought for the alleged negligent omission of the defendant to maintain fences and cattle guards, by reason of which plaintiff's cows were alleged to have got upon the defendant's tracks, in the city of Cohoes. and have been killed.

*Matthew Hale*, for the appellant.

*J. F. Crawford,* for the respondent.

BOCKES, J. :

The referee has found that the cow, without the fault or negligence of the plaintiff, escaped from the enclosed pasture where she was kept, and passed upon the defendant's track, and was there killed by a passing engine, through the negligence of the latter in omitting to erect and maintain fences on the east side of its road, between Alexander street and Columbia street, and in omitting to erect and maintain cattle guards at the crossings of those streets, suitable and sufficient to turn cattle from its road. If these facts be well found, they, with the other undisputed facts certified to the court, will sustain the recovery by the plaintiff for the value of the cow. It is not understood that negligence is charged against the plaintiff in permitting the cow to escape from the pasture where she was kept. The pasture lot was well fenced, and negligence cannot be imputed to the plaintiff for her escape therefrom.

(*Spinner* v. *The N. Y. C. and H. R. R. R. Co.*, 67 N. Y., 153.) Nor will the mere fact that the cow was a trespasser upon the defendant's road, bar the action, if the fact be well found that she was killed by reason of the defendant's omission to erect and maintain fences along its track, and cattle guards at the road crossings. The statute gives the action in such case on account of such omission. So it was early held in the Court of Appeals in *Corwin* v. *The N. Y. Erie R. R. Co.* (13 N. Y., 42), that a railroad corporation which omits to comply with the statute, as to erecting and maintaining fences and cattle guards, is liable to the owner of cattle for injuries to them from passing engines, although the cattle were trespassers upon the track. This ruling has been adhered to in numerous cases since it was there declared. (*Bradley* v. *Buff. N. Y. and E. R. R. Co.*, 34 N. Y., 427–432; *Shepard* v. *Buff. N. Y. and E. R. R. Co.*, 35 id., 641; *Tracy* v. *Troy and Bos. R. R. Co.*, 38 id., 433; *Spinner* v. *The N. Y. C. and H. R. R. R. Co.*, 67 id., 153.) The ordinance of the city of Cohoes, prohibiting cattle and animals from running at large within the corporate limits, did not relieve the defendants from the statutory obligation to erect and maintain fences along its road, and cattle guards at road or street crossings. The duty imposed by the statute remained, notwithstanding the city ordinance. The statute had a broader purpose than to protect cattle and animals from injury. It was intended as a protection to the traveling public as well. (*Corwin* v. *The N. Y. and E. R. R. Co.*, 13 N. Y., 42, on page 53; *Brace* v. *The N. Y. C. R. R. Co.*, 27 id., 273; *Bradley* v. *The Buff., N. Y. and E. R. R. Co.*, 34 id., 427, on page 430.) Besides, the ordinances have application to those cases where cattle and animals are at large by permission of the owner; not to a case of casual, accidental and unintentional estray. But it is urged that the statute by fair construction does not apply to populous cities and villages, hence does not require the erection and maintenance of cattle guards at street crossings, nor fences along the line of vacant lots in those localities. It was held otherwise in *Brace* v. *The N. Y. C. and H. R. R. R. Co.* (27 N. Y., 269) and, also, in *Tracy* v. *The Troy and B. R. R. Co.* (38 id., 433). See, also, reasoning of Judge WRIGHT, in *Bradley* v. *The Buff., N. Y. and E. R. R. Co.* (34 id., 427). It is also urged that the fence along a por-

tion of the line of the railroad was removed by Mr. Crawford, the husband and agent of the plaintiff, and that the cow *may have passed* on to the track at the point of such removal by Mr. Crawford. There is no sufficient proof to bind the plaintiff to the responsibility of the removal of the fence. But were this otherwise, the cow was killed at a point on the road quite distant from where Mr. Crawford made the removal, and in the absence of all proof as to where the cow passed upon the track, it might well be presumed that she went upon it at or near where the injury occurred. The judgment cannot be reversed on a presumption that she entered on to the road at a particular distant point, without satisfactory proof to support the presumption.

We are of the opinion that the record is free from error, and that the judgment must be affirmed with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.