### DIXON v. NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. RAILROAD COMPANIES—DUTY TO FENCE DEPOT GROUNDS—INSTRUCTIONS.
    While Rev. St. N. Y. tit. 15, c. 18, § 66, requiring railroad companies to fence their tracks, has no reference to station grounds which the convenience of the public requires to be open, where it appears that a space of 100 feet on the side of the track opposite the depot was not fenced and was not a part of the depot grounds, a refusal to charge that the railroad company was not obliged to fence its depot grounds was not error.

2. SAME—CONVENIENCE OF PUBLIC.
    It appeared that there was an hotel across the track, opposite the depot, and one witness testified that passengers going to and from the hotel to the station used the unfenced space. *Held,* that it was for the defendant to show that the space was left open for the convenience of the public, or that they would be incommoded by closing it, before invoking the rule as to the fencing of depot grounds.

3. SAME—INJURIES TO STOCK.
    In such case. when it appeared that a horse strayed upon the track beyond a point where either the defendant or the public would be inconvenienced by a fence, and when there was no proof that the ground or track had been prepared for foot passengers, and was killed, defendant was liable.

Appeal from circuit court, Rockland county.

John H. Dixon sued the New York Central & Hudson River Railroad Company for damages for a horse killed on their track. The testimony and the plan introduced in evidence showed that there was an hotel across the tracks at Nyack, opposite the depot. There was at that time no fence between the track and the hotel. The turnpike was at right angles to the railroad, and the tracks of the horse in the snow showed that he had gone on the track about 60 feet from where the turnpike crossed the railroad. Judgment for plaintiff, and defendant appeals. Rev. St. N. Y. (6th Ed.) pt. 1, tit. 15, c. 18, § 66, provides that railroad companies shall maintain fences on the sides of their road and cattle-guards at crossings, and until erected shall be liable for all damages to cattle and horses on the track.

Argued before PRATT and DYKMAN, JJ.

---

[1] See Janes v. Fitchburg R. Co., 3 N. Y. Supp. 165.

PRATT, J. The general rule is that the statute requiring railroad companies to erect and maintain fences on the sides of their roads, etc., has no reference to station grounds which the convenience of the public and the railway company requires should be open for the transaction of their mutual business. But, as we understand the evidence and the plan used as an exhibit, the case is not brought within this rule. The case shows and the jury has found that the horse was killed 50 or more feet north of the crossing, and probably near the bridge, and that he went upon the track at a place not fenced and not properly within the depot grounds. There was really no question of fact for the jury except as to the killing of the horse as alleged and the amount of damages. · It appearing that a space of 100 or more feet north of the highway between the land of Benson and the railroad track was not fenced at all, and that the same was not a part of the depot grounds, there was no necessity to submit any question to the jury upon this part of the case, and hence the court was not in error in refusing the request to charge that the defendant company was not under obligation to fence its station grounds.

The defendant produced one witness (Wheatley) who testified that passengers going from the hotel to the station and back crossed directly in front of the station and the hotel, which would be over a portion of the unfenced space before mentioned, but because it was sometimes used in that way it did not follow that the space was left open for the convenience of the public, or that the public would be incommoded by its being fenced. It was incumbent upon the defendant to do this before it could invoke the rule not requiring a fence. It clearly enough appears that the horse strayed upon the track north of any point where either the defendant or the public could claim to be inconvenienced by a fence. There is no claim that any person ever drove over this space, and no proof that the ground had ever been prepared by planking or leveling between the rails for foot passengers.

I have assumed the law to be as laid down by Judge COOLEY in the cases referred to in defendant's brief, but the law in this state seems to imply a much more stringent rule. Under the latter it is plain that the verdict was right, and that no error was committed upon the trial. *Bradley* v. *Railroad Co.*, 34 N. Y. 427. Judgment affirmed, with costs. All concur.