### BECKER *v.* NEW YORK, L. E. & W. R. Co.

*(Supreme Court, General Term, Fifth Department.* June 20, 1890.)

**1. PLEADING—AMENDMENT.**
   A complaint alleged that plaintiff's cattle strayed upon defendant's railroad track without plaintiff's fault, and that, through the negligence of defendant's servants in managing a train, the cattle were killed or injured. *Held*, that an amendment to the effect that the cattle strayed upon the track through the failure of defendant to maintain a proper fence, as required by statute, did not change the cause of action, the action being still based on negligence, as before.

**2. SAME—ALLOWANCE WITHOUT TERMS.**
   Where an application to amend is made before the trial, and defendant is not surprised or misled, it is proper to grant the amendment without imposing terms.

Appeal from a judgment on report of referee.

Action by James Becker against the New York, Lake Erie & Western Railroad Company. There was a judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George F. Brownell*, for appellant. *Obed Edson*, for respondent.

CORLETT, J. This action was brought in July, 1884, for killing and injuring the plaintiff's cattle. Issue was joined, and the action was referred. In February, 1886, the referee reported in favor of the plaintiff. Judgment was entered, and the defendant appealed to this court. The original complaint alleged, in substance, that the defendant was a railroad corporation, and the plaintiff the owner of four cows, of the value of $200; that they casually strayed in and upon the track of defendant; and that the defendant, by its servants and agents, so carelessly run and managed its cars and locomotive that they ran against the cows, and killed two of them, and injured two others. The answer admitted the corporation, and denied the other material allegations in the complaint. At the commencement of the trial before the referee the plaintiff asked to amend his complaint by alleging that the cattle strayed upon the premises through a fence which the defendant was bound to maintain, and that four cattle were killed instead of two, and three injured. The referee reserved his decision on the question of the amendment. No objection was made or exception taken by the defendant's counsel to the reservation. At the close of the evidence, plaintiff's counsel renewed his application to amend, which was granted. The referee found, in substance, that in April, 1882, four cows and three heifers, the property of the plaintiff, strayed upon the defendant's track for want of a fence, and that while there four of them were killed and three injured by a passenger train on the defendant's road; that the value of the cows killed was $190, and the damage

to those injured $55. The referee further found that there was no negligence on the part of the agents and servants of the defendant in running the locomotive or the management of the train which killed and injured the cattle; that the defendant's only negligence was in failing to maintain fences by the sides of its track by reason of which the plaintiff's cattle strayed upon the track and were killed and injured. Judgment was entered for the plaintiff.

The substantial contention on the part of the defendant on the trial was that the amendment allowed by the referee changed the plaintiff's cause of action, and that the referee had no power to grant it on the trial; the defendant claiming that, as the referee found no negligence on the part of the company or its servants in running the train which killed and injured the cattle, a recovery based upon its omission to keep up the fences was not negligence on the part of the company, but a violation of a duty imposed by statute, and that there could be no recovery for a breach of the statutory command under a complaint which alleged specific acts of negligence found against the plaintiff by the referee. Proper exceptions were taken by the defendant to present the questions raised. The evidence supported the referee's findings of the killing and injuring of the cattle being caused by the defendant's omission to maintain proper fences. It is provided by the general railroad act that "every corporation formed under this act shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroads." Laws 1850, c. 140, § 44. In *Corwin* v. *Railroad Co.*, 13 N. Y. 42, it was held that where a railroad corporation neglects to maintain fences as required by law, and cattle get upon the track and are injured by its engines or cars, the corporation is liable to the owner in damages, although he is not an adjoining proprietor, and it does not appear whence the cattle came upon the road. Judge DENIO, in delivering one of the opinions, states that the statute imposes a public duty upon railroad corporations, for a violation of which they are subject to indictment, whether individual interests are affected or not. Under this statute, as between the company and adjoining proprietors, there was an implied contract on the part of the company to maintain the fences, gates, bars, and crossings required by statute, but a broader duty was imposed for other reasons to do the things required,—a neglect or omission to perform would involve breach of duty and negligence. The doctrine of this case was reaffirmed in *Bradley* v. *Railroad Co.*, 34 N. Y. 427, and *Rhodes* v. *Railroad Co.*, 5 Hun, 344. It has been held in this department that a plaintiff can recover for injuries to cattle on a railroad track for want of fences, although there was no negligence in the manner of running or operating the train. All the cases are to the same effect. See *Graham* v. *President, etc.*, 46 Hun, 386, where it was also held that a person or corporation that violates an express statute is guilty of negligence. In *Hungerford* v. *Railroad Co.*, Id. 339, it was stated and assumed by the court that an action to recover damages from a railroad company by reason of its omission to maintain fences is based upon negligence. The courts have always proceeded upon that assumption. The obligation to ring bells and blow whistles was created and imposed by statute, and the courts have uniformly held that an omission to perform these duties was admissible as evidence of negligence. There can be no substantial distinction between negligence based upon an omission to perform a statutory duty and negligence from other causes. In *Van Raden* v. *Railroad Co.*, 8 N. Y. Supp. 914, it was held that a statute might be proved upon the question of negligence, though not pleaded. *Archer* v. *Railroad Co.*, 106 N. Y. 589, 13 N. E. Rep. 318.

The original complaint charges, among other things, that the plaintiff's cattle strayed upon the defendant's track without his fault. The amendment was only an amplification in alleging that it was the defendant's fault by

omitting to construct proper fences. The amendment in no way involved a new or distinct cause of action. Before the amendment the complaint was for negligence. It was no less so afterwards. The act was the same, not a distinct or different one. The amendment only enlarged the original allegation on the same subject. The application to amend was made before the trial commenced. The defendant, therefore, had full notice of the plaintiff's intention, and it could not have been misled. The learned referee finds, in substance, that there was no evidence of any surprise or misleading, and he was right in not imposing terms. Sections 539, 540, Code Civil Proc. When cattle are upon the track by the fault of the company, a killing or injuring by the train imposes a liability without regard to the care or prudence with which it is operated. The findings of the referee, therefore, on this branch of the case simply negative negligence in operating the train. But he does not find that any degree of skill or care in operating would relieve the company from negligence in omitting to maintain proper fences. If in this respect the statute had been complied with, the defendant would not be liable unless the train was improperly managed or operated. But the company had no right to run trains at all upon the track which would injure or destroy property rightfully there in favor of the owner, but wrongfully and negligently there as against the company. It need not be said that the defendant was not misled by the amendment increasing the number of cattle killed or injured. *Smith* v. *Railroad Co.*, 35 N. H. 356, is in its essential features similar to the one at bar, is in harmony with the cases above cited, and decisive of this case. The judgment must be affirmed. All concur.