### KELVER v. NEW YORK, C. & ST. L. R. Co.

*(Superior Court of Buffalo, General Term. February 2, 1891.)*

RAILROAD COMPANIES—STOCK-KILLING CASES—FENCES.

Under the New York statute requiring railroad companies to inclose their tracks, and declaring them liable in case of failure to do so for injuries to stock which shall stray upon the track, it is no defense to an action for injuries to stock that the land on either side of defendant's track was occupied by the tracks of other railroad companies.

Appeal from trial term.

Action by Frederick Kelver against the New York, Chicago & St. Louis Railroad Company to recover the value of two heifers which were killed on the defendant's railroad in the city of Buffalo, by being struck by an engine. There was judgment for the plaintiff. It was alleged and proved that the company failed to erect and maintain fences on the sides of the railroad. At the point where the heifers were killed there were the tracks of five different railroads contiguous to one another, that of the defendant being a middle one.

Argued before BECKWITH, C. J., and HATCH, J.

*John G. Milburn*, for appellant. *Close & Fleischman*, for respondent.

BECKWITH, C. J. The statute, according to the construction it has received from the court of appeals, does not allow an inquiry whether the lands adjoining the railroad are farming lands or lands upon which it might be expected that cattle or other animals would not be allowed to run; and there is not often a case where it would be proper to leave it to a jury to say that a fence was or was not necessary. *Shepard* v. *Railroad Co.*, 35 N. Y. 641; *Corwin* v. *Railroad Co.*, 13 N. Y. 42; *Brace* v. *Railroad Co.*, 27 N. Y. 269; *Tracy* v. *Railroad Co.*, 38 N. Y. 433; *Bradley* v. *Railroad Co.*, 34 N. Y. 427. To the same effect: *Crawford* v. *Railroad Co.*, 18 Hun, 108. The right of action vested in the owner of cattle killed on a railroad does not originate in any degree from negligence as the cause of the killing, nor from the act of killing. It is wholly the creation of the statute. The statute enjoins the duty of building fences, and, out of disobedience of its command, raises a right of action. It declares that, if fences are not erected, the owner of cattle killed may recover the value, and that, if fences are maintained, the owner of cattle killed shall recover nothing. The owner of cattle killed is often more blamable for the straying of animals than the railroad for the killing; but the violation of the statute is the source of the right of recovery and the criterion of the existence of the right. The statute, by its general in-

tendment, relates to the physical barrier that must exist upon the "sides" of the road "to prevent horses, cattle, sheep, and hogs from getting onto the track of the railroad from the lands adjoining the same." That is pretty plainly the effect of the decision in *Shepard*. v. *Railroad Co.;* and the recent case of *Dolan* v. *Railroad Co.,.* 120 N. Y. 571, 24 N. E. Rep. 824, does not limit or qualify the decision in that respect. The difference of opinion in the latter case, in this particular, was upon the question whether the mill—itself a sufficient barrier—was on "the side" of the railroad; some of the judges thinking that it was on the side "near enough for all practical purposes," and near enough to meet the proviso of the statute, and others of the judges thinking that it was not. Cattle-guards at highway crossings, and fences on the sides of the road, except where other physical "protection" of and against animals exists, is the policy of the statute. It is not necessary to say that that protection could not possibly exist in other than physical means. The sum of the matter seems to be that by the statute the legislature has said to the railroads of the state that they must maintain fences, or suffer the liability. and the courts have been given no power of dispensation. The judgment should be affirmed.

HATCH, J., concurs. TITUS, J., did not sit.