GEORGE D. DUNN v. GEORGIA A. DEWEY and Others.

December 27, 1898.

Nos. 11,458—(165).

**Redemption—Notice of Intention by Unauthorized Agent—Party to Action.**

*Held,* a person who, without authority, assumed to act as the agent of the second lien creditor in filing a notice of intention to redeem from the foreclosure of the first lien, is not a proper party to an action brought by the third lien creditor to compel a redemption under his lien without paying the amount of the second lien.

**Same—Unauthorized Redemption in Name of Another—G. S. 1894, § 4280.**

But *held,* another person who, after said notice of intention to redeem was filed, purchased the second lien, procured an assignment of it in the name of the holder of the first lien, and under it redeemed in his name from the first lien, all without his authority, is a proper party defendant to such action. The doctrine of resulting trusts is not, as to personal property, abolished by G. S. 1894, § 4280.

**Complaint Bad upon Demurrer.**

The plaintiff did not allege in his complaint in such action that, in his offer or attempt to redeem, he produced to the sheriff a certified copy of his mortgage, or an affidavit showing the amount actually due thereon. *Held,* the complaint does not state a cause of action.

**Same—Tender.**

*Held,* it sufficiently appears by the complaint that plaintiff has kept his tender good.

**Laws 1895, c. 326.**

*Held,* Laws 1895, c. 326, does not impair vested rights, and is constitutional, even as applied to a redemption from a judgment entered and docketed before the passage of that act.

Action in the district court for Hennepin county against Georgia A. Dewey and Andrew A. Hathaway, judgment creditors of one W. B. Clark, and the other defendants named below. The facts are stated in the opinion. Defendants Robert Webb, Fred W. Reed and Alonzo Phillips interposed separate demurrers to the com-

plaint.    From orders of the district court for Hennepin county, McGee, J., sustaining these demurrers, plaintiff appealed.    Affirmed.

*Francis B. Hart*, for appellant.

Those actively engaged in the commission of a fraud should be joined in the action therefor.    9 Enc. Pl. & Pr. 682; Brady v. McCosker, 1 N. Y. 214.    Laws 1895, c. 326, violates no constitutional provision.    See Edwards v. Kearzey, 96 U. S. 595; Antoni v. Greenhow, 107 U. S. 769; Von Baumbach v. Bade, 9 Wis. 510.

*Fred W. Reed* and *Brooks & Hendrix*, for respondents.

The tender of the amount required to redeem from a mortgage foreclosure sale must be kept good in order to be effectual as the basis of a subsequent action to compel redemption, brought after the time of redemption has expired.    Dunn v. Hunt, 63 Minn. 484. Laws 1895, c. 326, being enacted after the rights of defendant Dewey had become vested, is void.    See Hillebert v. Porter, 28 Minn. 496; O'Brien v. Krenz, 36 Minn. 136; Barnitz v. Beverly, 163 U. S. 118.

CANTY, J.

These are appeals from orders sustaining demurrers to the complaint on the ground that it does not state a cause of action.    There were three liens on the real estate in question.    The first two were judgment liens, and the third a mortgage lien.    There are, in fact, three mortgages, all held by plaintiff, and all subsequent to the two judgments; but, for the purposes of this appeal, the three mortgages may be regarded as one.

The land was sold on execution issued on the prior judgment, and bid in by Dewey, the judgment creditor.    Just before the year to redeem expired, what appeared to be a notice of intention to redeem under the second judgment was filed, and plaintiff filed a notice of intention to redeem under his mortgage.    On the day after the year expired, it was made to appear that the second judgment was transferred by Hathaway, the holder thereof, to Dewey, and that the latter had, on the fifth day after the year, redeemed under this second judgment from his own execution sale.

Plaintiff insisted that he had a right to ignore the pretended no-

tice of intention to redeem and pretended redemption under the second judgment. So, on the fifth day after the year, he paid to Phillips, the sheriff, the amount necessary to redeem from the execution sale, but has never at any time paid or offered to pay the amount of the second judgment.

Clark, the owner of the land, claimed it as his homestead, and claimed that the two judgments were not a lien thereon. Shortly after the execution sale, he commenced an action against Dewey to have that sale declared null and void. That action was not determined until June, 1897, about four months after the year to redeem expired, when the case was decided against Clark; and he appealed to this court, where the decision of the lower court was affirmed on January 6, 1898. Clark v. Dewey, 71 Minn. 108, 73 N. W. 639.

By reason of the pendency of the action commenced by Clark, plaintiff, when he paid the sheriff the redemption money as aforesaid, executed to him a bond conditioned for the payment of the interest on said redemption money, pursuant to, and as required by, Laws 1895, c. 326.

The act provides that, in all cases where an action is brought to set aside an execution sale and the time to redeem from the sale may expire before the final determination of the action, any person having the right to redeem may, before the time to redeem expires, deposit with the sheriff the amount necessary to redeem, and execute to him a bond for the payment of the interest on the redemption money as hereinafter specified; and such deposit and bond shall "extend the time for redemption" until thirty days after the final determination of the action, during which time the redemption may be completed by paying the interest due on the redemption money in the meantime.

Within thirty days after the final determination of Clark's action, plaintiff tendered such interest to the sheriff, and demanded that he execute the proper certificate of redemption; but he refused to accept the tender, and refused to execute such certificate. Thereupon this action was brought to compel such redemption.

All of the foregoing facts (except the provisions of said statute) are stated in the complaint.

1. It is further stated that the defendants Webb and Reed con-

spired together to prevent and dissuade plaintiff from redeeming, and, in order to carry out such scheme, Webb filed, in the name of Hathaway, the pretended notice of intention to redeem under the second judgment, and that this was done

"Without the request or knowledge of said Hathaway, and without any authority from him whatsoever."

These are the only allegations in the complaint which connect Webb with the case. He is a wholly unnecessary and immaterial party in the action to redeem, and, in our opinion, his demurrer was properly sustained.

2. It is further alleged that, in furtherance of said scheme, the defendant Reed, on the next day after Webb filed the notice of intention to redeem, procured from Hathaway an assignment of his judgment to Dewey, and paid Hathaway therefor the sum of $250, and then filed all the affidavits and documents necessary to make it appear that Dewey had, under said second judgment, redeemed from himself as aforesaid. It is further alleged that all of this was done without the knowledge, consent, request or direction of Dewey, who was in no wise interested therein.

These are all of the allegations which connect Reed with the case. True, it appears from these allegations that Reed was an unauthorized intermeddler, as well as Webb; but, unlike Webb, Reed appears to have an interest in the controversy sufficient to make him a proper, if not a necessary, party. He paid $250 of his own money for the second judgment, and under the doctrine of resulting trusts, which still applies to personal property (Baker v. Terrell, 8 Minn. 165 [195], he appears to be the owner of the land. Then, if plaintiff showed that he is entitled to compel a redemption, the complaint would state a cause of action against Reed.

3. But plaintiff has not shown that he has redeemed, or is entitled to redeem. He does not allege that he has ever produced to the sheriff a certified copy of his mortgage, or an affidavit showing the amount then actually due thereon, as required by G. S. 1894, § 5474. All of the demurrers were therefore properly sustained.

4. It sufficiently appears by the complaint that plaintiff has kept

the tender good. He alleges that he is ready, willing and able to pay to defendant the money so tendered.

5. Said chapter 326 does not impair vested rights, and is constitutional, even as applied to a redemption from a judgment entered and docketed before the passage of that act. It simply provides for a redemption under protest, and a stay of proceedings after the redemption has in fact been made, and, in the form of interest, it provides compensation for the injury caused by that stay. True, the evidence of the redemption—the sheriff's certificate—is not executed until later, but that is immaterial as regards the constitutionality of the law. Neither is it important that the statute says that depositing the redemption money and filing the bond shall "extend the time to redeem."

Orders affirmed.