Selden, J.
 

 That the defendants have succeeded to the obligations and duties as well as the rights of the Rochester, Lockport and Niagara Falls Railroad Company, including those which arise upon contract as well as those imposed by statute, is not denied; but it is insisted in their behalf that they are exempted from the obligation, under section forty-four of the general railroad act of 1850, to maintain gates or bars at the crossings upon the plaintiff’s farm, by virtue of the deed from Simon Poler to the Rochester, Lock-port and Niagara Falls Railroad Company, which says nothing on the subject of gates or bars, but contains a provision that the grantees shall “ construct a good and sufficient fence on each side” of the premises conveyed. Construing this deed according to the maxim
 
 expressio unius exclusio esi
 
 
 *472
 

 alter ins,
 
 the defendants claim that it relieves them from the duty of constructing or maintaining gates.
 

 It cannot, however, be fairly inferred from the deed that it was intended to exempt the railroad company from any portion of its statutory obligations. The deed provides for two crossings; and wherever there were crossings gates or bars would be necessary. When erected, those gates would form a part of the fence; and taking the provision as to fences, in connection with that in respect to crossings, .the fair inference, I think, is, that the fences were to be so constructed as to make the crossings available. At all events, the contrary is not sufficiently clear to override a positive statute
 

 The main questions arise upon the charge of the judge, and upon his refusal to charge as requested.
 

 It is insisted that the judge should have decided the question of negligence on the part of the plaintiff as a matter of law, and not have submitted it to the jury as a question of fact. Although in most cases it falls peculiarly within the province of the jury to determine questions of negli gence, cases may nevertheless arise, in which the proof is so clear and conclusive, that it would be the duty of the court to instruct the jury that negligence was established. It can scarcely be said, however, that the present is such a case. The plaintiff had from time to time instructed the persons in his employment to secure the gates, and the manner in which he directed this to be done was described by the witnesses. Whether the mode adopted was reasonably judicious, and one likely to be effectual for the time being, was a question concerning which the jury may well be supposed to have been more competent to judge than the court. At all events, the negative of the question does not appear to me so clear as to have called upon the court to decide, as matter of law, that the plaintiff was culpably negligent in this respect.
 

 
 *473
 
 Again, it was not shown upon the trial that the plaintiff had given notice to the defendants of the condition of the gate, and this also is relied upon as proof of negligence. There is no doubt that although the statute imposes upon the railroad company the absolute duty of maintaining fences, gates, &c., yet a duty in this respect also devolves upon the proprietors along the road. They have no right quietly to fold their arms and voluntarily to permit their cattle to stray upon the railroad track, through the known insufficiency of the fences which the corporation are bound to maintain. As it would be impracticable for the railroad company to keep a constant watch of every gate and every rod of fence along the line of its road, it is but reasonable to require of the proprietors, when defects have actually come to their knowledge, to make suitable efforts to apprise the company of such defects. In enforcing this rule, however, upon proprietors, care should be taken not to exempt the company, upon which the primary duty rests, from its due share of responsibility. It will be found impossible to define with precision the relative obligations of the parties in this respect, and it must result in most cases in a question to be addressed to the sound discretion of a jury. While I am not prepared to say that the evidence in this case might not have warranted the jury in finding that the plaintiff had been guilty of some degree of negligence, it was nevertheless, as I think, properly submitted to them with just and proper instructions, and their finding upon the subject must be regarded as decisive.
 

 The defendants’ counsel also objects to that portion of the charge as erroneous, in which the jury were instructed that if they should find from the evidence that the plaintiff was free from negligence, and that the injury was occasioned by the neglect of the defendants to construct cattle guards, the defendants were liable. The nature of cattle guards, although not particularly shown by the evidence, is a matter of such familiar observation and knowledge that it may be
 
 *474
 
 taken notice of by the court without proof. They are used, as is well known, where ways either public or private cross a railroad track, to prevent horses and other animals, passing over the road, from straying in either direction longitudinally upon the track; and if properly constructed are entirely effectual for that purpose.
 

 It is shown in this case that the crossing at which the horses escaped is built with fences on each side up to the track. If, therefore, it had been provided with suitable cattle guards, which would have protected the space between the rails, it seems entirely clear that the accident could never have happened; because, although the horses might have escaped through the gate, they could only have crossed directly over the track, but could not have passed in either direction along it. I am unable, therefore, to understand the defendants’ counsel when they say that the omission to construct cattle guards could not have contributed to the injury, unless they assume that such guards are constructed with reference to cattle only, and are entirely ineffectual to prevent horses from getting upon the track, which I do not suppose to be the case.
 

 It may be said that the defendants were to construct cattle guards at only one of the crossings; that such guards at the west crossing would have fulfilled their agreement, and that these, if made, would not have prevented the horses from straying upon the track. The proof shows that the horses were killed upon the extreme western boundaries of the plaintiff’s farm; so near the line, indeed, that one of them, immediately after the accident, lay upon the premises of an adjoining proprietor. They must therefore have passed the west crossing in their progress along the track. This they could not have done had proper cattle guards been constructed at that crossing; and from the known habits of animals under such circumstances it is perhaps fair to presume that, upon encountering the obstruction of the cattle guards, they would have turned laterally from the track.
 
 *475
 
 At all events, the accident could not have happened at the place where it actually occurred.
 

 But I entertain no doubt, from the manner of the occupation of the plaintiff’s farm, as disclosed by the proof, that by a fair construction of the deed the defendants were bound to make the cattle guards at the eastern crossing. The pasture lands were upon that part of the farm, and that was the crossing most used. The other crossing was between cultivated fields, and comparatively but little used. This shows why cattle guards were required at but one of the crossings, and explains the meaning and intention of the parties. The charge, therefore, in respect to the omission to make cattle guards, was, in my view, strictly correct, and plainly called for by the facts of the case.
 

 I think the judge was right, also, in refusing to charge as requested. He had already instructed the jury, in very explicit terms, that the plaintiff must be free from negligence ; that if his own negligence had tended to produce the injury he could not recover, and that if, in the exercise of ordinary care and prudence, he had reason to suppose there was danger of the horses getting on the track, it was his duty to have taken them away or secured them. This, I think, was enough on that subject. To have charged the jury as requested would have entirely taken from them the question of negligence, which the judge would not have been justified in doing. How far it is necessary and proper for the judge to refer to and comment upon the evidence, in his charge to the jury, is a question of discretion.
 

 The judgment of the Supreme Court should be affirmed.
 

 Comstock and Shankland, Js., were absent; Paige, J., expressed no opinion; all the other judges concurring,
 

 Judgment affirmed.