WILLIAM CHAPMAN, Respondent, *v.* THE NEW YORK CENTRAL RAIL ROAD COMPANY, Appellant.

CAMPBELL, J. The plaintiff brought this action to recover damages caused by the alleged negligence of the defendant in leaving down bars in the fence on the side of their rail road track, whereby the horses of the plaintiff in the night time escaped from his adjoining field on such track, and were struck and killed by a passing engine of the defendant. One Andrew Ryan, who was then and had been for some time in the employment of the defendant as a day laborer, receiving his pay monthly, but at a fixed rate for each day's labor, on the night of the accident took down the bars for the purpose of passing with a team, being engaged at the time in a business which concerned himself, and in which the defendant had no interest whatever. The bars were left down by Ryan, and

through the opening the horses passed on to the track and were killed. The referee, before whom the cause was tried, found that while Ryan was thus in the employ of the defendant as a day laborer, it was understood in virtue of that employment, that he might be called upon in case of accident to perform extra labor, receiving compensation. therefor, and if, at any time after his day's labor was over he saw anything amiss, he was required to give necessary attention to it without being specially directed so to do. In the language of Ryan, who was examined as a witness, " if I seen anything amiss after that I had to do it." The referee found that under that employment it was the duty of Ryan as the servant of the company to replace the bars, and that his negligence was that of the company, and he reported in favor of the plaintiff, and the judgment was affirmed in the seventh district.

If the bars had been taken down by others, and Ryan, occupying the relation he did to the company, had seen them, or had been notified, there can be no doubt but it would have been his duty at once to have put them up. That he took them down himself can make no difference. The neglect of duty was in leaving them down. For that negligence, and which caused the loss of the plaintiff's horses, I think the company must answer in damages. That Ryan was intoxicated at the time was the misfortune of the company. That he had been retained in his place when known to be intemperate, was the fault of his immediate superior officers. But I am unable to see how this question of intoxication in any way affects the legal rights of the plaintiff, who seeks simply to recover for the loss of his property, caused by the neglect of the defendant's servant. The judgment should be affirmed.

Judgment affirmed,