MAGILTON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. RAILROADS—FAILURE TO FENCE TRACKS—INSTRUCTIONS.

In an action against a railroad company for failure to erect and maintain fences and gates along its right of way (Laws 1892, c. 676, § 32), whereby plaintiff's horse passed through a defective gate and was killed, it was error to refuse to charge that the jury were not authorized to find, from the evidence, that the gate was not opened by the horse rubbing against it to get rid of flies, or by the horse biting a board of the gate, where the only evidence on which the request was based was that flies bite horses during the season when the accident happened, and that at such times horses will rub their necks and bodies against fences, and that horses have a propensity to bite boards of gates and fences.

2. SAME—ERRONEOUS INSTRUCTIONS.

In such case it was error to charge that plaintiff was not required to fix the gate, or to fix in any way the fastening to it, and his failure to do so does not prevent a recovery by him.

Appeal from trial term, Greene county.

Action by William H. Magilton against the New York Central & Hudson River Railroad Company for killing a horse. From a judg-

ment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

F. L. Westbrook, for appellant.
Frank H. Osborn, for respondent.

LANDON, J. On August 21, 1893, the plaintiff's horse strayed upon defendant's tracks from plaintiff's pasture, adjoining defendant's railroad, through an open gate forming part of the division fence between plaintiff's land and defendant's railroad, and was killed by defendant's engine. Upon the trial. the plaintiff disclaimed recovery upon any other ground than that of defendant's violation of the statute imposing upon it the duty to—

"Erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands, with farm crossings and openings with gates therein at such farm crossings whenever and wherever reasonably necessary. * * * So long as such fences are not made or are not in good repair, the corporation * * * shall be liable for all damages done by their agents or engines to any domestic animal thereon. When made and in good repair they shall not be liable for any such damages unless negligently or willfully done." Railroad Law (chapter 565, § 32, Laws 1890, as amended by chapter 676, Laws 1892).

The defendant in 1890 constructed this gate at the plaintiff's request at his farm crossing. It was a swing gate, substantial and heavy, with a hook and staple fastening, and was constructed as the plaintiff directed. The weight of the gate caused it to sag, so that, instead of swinging free from the ground, the staple end dragged upon it, and it could not be fastened by the hook and staple. The gate opened down hill, and its weight, when open, had pulled the top of the hinge post in that direction, so that, in closing the gate, its bottom passed the foot of the post to which it should be hooked, and the top of that post had also slanted away from the gate, so that it could not be hooked at all. When the gate was properly fastened, it was of height and strength sufficient to prevent horses and cattle from going upon the railroad tracks. The gate was usually fastened by pushing its foot past the staple post, where it was held by its own weight upon the rising ground of the roadway, and sometimes a stone or stick was placed against it. When the gate was freed from these fastenings, it would swing open of its own gravity. It had been in this condition about a year before plaintiff's horse was killed. About 10 days before his horse was killed, the plaintiff called defendant's superintendent's attention to it and he promised to repair it. The gate was seen to be closed about an hour before the plaintiff's horse was killed. Whether it was fastened by a stick or stone was not shown. When the horse was killed the gate was found open. How it was opened did not appear.

The plaintiff gave evidence, over the objection of the defendant, that flies bite horses in August, and that then the horses will rub their necks and bodies against fences, and that horses have a pro-

pensity to bite the boards of gates and fences, and also gave evidence of the marks of biting upon the top board of the gate. The counsel for the defendant asked the court to charge that the jury were not authorized to find, from this evidence, that the gate was opened by a horse rubbing against it to get rid of flies, or by a horse biting a board of the gate. This the court refused. We think this refusal was error. The gate may have been opened by any one of many means,—by a tramp, by design, by carelessness, possibly by the horses bitten by flies and rubbing against the gate, or by biting the gate. Proof of two of the many means is not proof that it was by one of these two possible means. When proof of a fact is sought through circumstantial evidence, the circumstances must be proved, —not surmised. It is possible that some of the habits of animals are so constant that, the habit being shown, its constancy follows; but we do not suppose this to be true in respect to horses rubbing against gates or biting them. The best that can be said of this evidence is that it was possible that the horse opened the gate in one of the ways suggested. There was no evidence that the flies bit the horses that morning; none that they rubbed against the gate; none that the gate was thus opened. From two conjectures, the second dependent upon the first, the fact in question is conjectured or surmised. Plainly, this will not do. Borden v. Railroad Co., 131 N. Y. 671, 30 N. E. 586; Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66; Taylor v. City of Yonkers, 105 N. Y. 202, 209, 11 N. E. 642; Bond v. Smith, 113 N. Y. 378–385, 21 N. E. 128.

The counsel for the defendant excepted to the charge, made at the request of the plaintiff's counsel, that the plaintiff was not required by law to fix the gate or its fastenings in any way, and that his failing to do so does not prevent his recovery. The court refused to charge, at the defendant's request, that, in order to recover, the plaintiff must prove by a preponderance of evidence that he was not guilty of contributory negligence in not using proper care to keep his horse from going on the railroad track. The defendant also requested the charge that, if the plaintiff could easily have changed the position of the staple, so that the hook could be put into it, the jury might take that into consideration in determining whether plaintiff was negligent. Also, that, if the gate and post sagged in consequence of the plaintiff leaving the gate open and swinging loose from time to time, it was negligence on the part of the plaintiff. And if the plaintiff, by leaving the gate open and swinging, had thus caused the gate to sag, so that the hook would not enter the staple, it was the plaintiff's duty to remedy the difficulty. Also, that it was the duty of the plaintiff to keep the gate closed if it could be done. The court declined to charge as requested by defendant. The responses of the court to these various requests were equivalent to an instruction to the jury that the plaintiff need not, under any of the conditions suggested by the requests, fix the fastenings of the gate, however easily he might have done so, even if they had got out of order because he allowed the gate to swing loose on its hinges. It was the duty of the defendant to maintain this gate, as part of its fencing, in good repair. It was plainly the duty of

the plaintiff to use it with reasonable care, and also to use reasonable care in shutting and fastening it, when the occasion for having it open was ended. Let us concede that it was the duty of the defendant, after notice, to readjust hook and staple, or the gate posts, so that the gate could be readily fastened, and, therefore, that the defendant was guilty of negligence in not performing its statutory duty. Hodge v. Railroad Co., 27 Hun, 394. It is clear that, if the plaintiff's neglect to take such care of his gate as he reasonably ought was the cause of his horse escaping through it upon the track, then the plaintiff ought not to recover; for in such case his negligence is one of the concurring causes of his loss. Poler v. Railroad Co., 16 N. Y. 476. Ought he, under the circumstances, to have readjusted the hook or staple? The learned trial judge said that the law did not require him to fix the fastenings in any way. Now, the law required him to do what was reasonable under the circumstances, and, since this instruction was given at the request of the plaintiff, the jury would understand that, under the circumstances here proven, the law exempted the plaintiff from fixing them. We do not think that the plaintiff was entitled to so broad an instruction. Is it reasonable for a farmer, who knows that the fastenings of his gate need readjusting, and that he can easily do it, to expose his horses to the danger of being killed, and rest upon the statute for his remedy? We think not. We think the question whether the plaintiff was negligent in respect to his care of this gate was for the jury. Murray v. Railroad Co., *43 N. Y. 274.

Cases are cited in which the plaintiff's contributory negligence has not deprived him of recovery. In Shepard v. Railroad Co., 35 N. Y. 641, there was no fence upon one side of the railroad. The plaintiff pastured his cattle upon that side. The court said that, if the company was not liable because of such alleged negligence on the part of the plaintiff, then the company need not fence at all, and the entire risk would be upon the plaintiff. Of course, that would defeat the statute altogether. The negligence of the plaintiff in allowing his cattle to stray upon the lands of an adjoining owner, and thence through the railroad company's defective fence, does not defeat plaintiff's recovery. Corwin v. Railroad Co., 13 N. Y. 42. Such negligence is between plaintiff and the adjoining owner. Nor if the cattle are running at large upon the highway contrary to law. Bradley v. Railroad Co., 34 N. Y. 427. It may be that, the further the plaintiff's cattle escape from his protection, the more they need that of the law. We need not hold otherwise. But it seems clear that, when the plaintiff charges the railroad company with neglect in keeping in repair a fence or gate between the plaintiff's land and the railroad tracks, the plaintiff should be free from neglect in the care and use of the fence or gate with which he is provided. The jury might have found that, if he had used such care, he would not have been injured. Hance v. Railroad Co., 26 N. Y. 428. We did not hold otherwise in Connolly v. Railroad Co., 4 App. Div. 221, 38 N. Y. Supp. 587. There the plaintiff's horse came upon the railroad tracks through the open bars of another's land, upon which the horse had strayed. The bars had been down for a long time before

the injury. The plaintiff owed the defendant no duty respecting them.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.